UNITED STATES, Appellee

v.

HOMER P. SHELTON, Private, U. S. Army, Appellant

4 USCMA 116, 15 CMR 116

No. 3356

Decided April 2, 1954

MAJ Edwin Doran, U. S. Army, and 1ST LT Jack J. Albert, U. S. Army, for Appellant.

LT COL William R. Ward, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by general court-martial of escape from confinement,[1] assault whereby grievous bodily harm was intentionally inflicted,[2] and robbery.[3] The finding of aggravated assault was returned with exceptions and substitutions to a charge alleging assault with an intent to commit murder in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. The accused was sentenced to a dishon-

[1] Article 95, Uniform Code of Military Justice, 50 USC § 689

[2] Article 128, Uniform Code of Military Justice, 50 USC § 722

[3] Article 122, Uniform Code of Military Justice, 50 USC § 716

orable discharge, total forfeitures, and confinement at hard labor for sixteen years. The convening authority approved the sentence, but suspended the execution of the punitive discharge until the accused's release from confinement or until completion of appellate review, whichever is later. The board of review reduced the period of confinement to eight years, but otherwise affirmed the findings and sentence. After further reducing the period of confinement to five years in accordance with Article 74(a) of the Code, supra, 50 USC § 661, The Judge Advocate General of the Army certified the following question for the determination of this Court:

"Is the offense of assault whereby grievous bodily harm is intentionally inflicted included in the specification in this case alleging assault with intent to commit murder, 'by striking him [the victim] across the head with a pistol'?"

The charges in the instant case arose out of the following circumstances: On the day in question, the accused and a number of other soldiers were being transported as prisoners to Fort McPherson, Georgia, in an Army "apprehension bus." Sergeants West and Reasor, military policemen assigned to Fort McPherson, were in charge of the move and occupied seats at the front of the bus. During the course of the trip, the accused ran toward the front of the bus exhorting the other prisoners to follow him. At his approach, Sergeant West drew his pistol but before he could use it, the accused seized him and tried to wrest the weapon from his possession. While struggling with the accused, West released the ammunition clip which fell to the floor. Wrenching the gun from him, the accused cocked it and with the pistol aimed at West pulled the trigger. Fortunately, the weapon was unloaded and did not fire. The accused then struck West on the head with the pistol knocking him to the floor in a dazed condition. He then ordered the driver to stop the bus. When this order was complied with, the driver and Sergeant Reasor, who had been subdued by the other prisoners, were handcuffed to a seat. The accused

then retrieved the ammunition clip and fled from the scene. The other prisoners remained on the bus.

Although Sergeant West was bleeding profusely from the injuries received as a result of the accused's attack, he released Sergeant Reasor and the driver. After West obtained first aid treatment, the bus proceeded to its destination without further incident. West was hospitalized for a period of four days at Fort McPherson where his injuries were diagnosed as a brain concussion and lacerations of the scalp.

The specification in question is laid under Article 134 of the █ Code, supra, and alleges:

". . . that . . . [the accused] . . . did, near Marietta, Georgia, on or about 16 January 1953, with intent to commit Murder, commit an assault upon Sergeant Richard N. West by striking him across the head with a pistol."

These allegations sufficiently set out the crime of assault with intent to commit murder described in paragraph 213d(1)(a), Manual for Courts-Martial, United States, 1951. After deliberating upon the evidence, the court-martial returned a finding of guilty of aggravated assault in violation of Article 128 of the Code, supra. The law officer instructed the court that this offense was a lesser included offense of that charged, and he outlined to them its essential elements.

Courts-martial are authorized by Article 79 of the Code, supra, 50 USC § 673, to return findings of guilty of an offense necessarily included in an offense charged. The test for determining the propriety of findings made under this Article is established by paragraph 158 of the Manual, as follows:

"An offense found is necessarily included in an offense charged if all of the elements of the offense found are necessary elements of the offense charged. An offense is not included within an offense charged if it requires proof of any element not required in proving the offense charged or if it involves acts of which the accused was not apprised upon his arraignment."

118

The essential elements of the offense charged are that the accused, intending to kill, committed an ▮▮▮ assault upon a certain person. United States v. Floyd, 2 USCMA 183, 7 CMR 59. The actual infliction of injuries is not a necessary element of this crime and there is no requirement that it be either alleged or proved. The accused argues from this circumstance that applying the Manual test set out above, assault whereby grievous bodily injury is intentionally inflicted is not included in a specification alleging assault with intent to commit murder. Therefore, he asserts, the offense found by the court-martial is not a lesser included offense of that charged, and the findings as to this offense must be set aside.

A strong indication of the answer to the certified question and to the accused's contention is supplied by the Table of Commonly Included Offenses set out in Appendix 12 of the Manual, supra. This Table lists aggravated assault as a lesser included offense of assault with intent to commit murder. Support for the validity of this listing is found in our references to the relationship of these offenses in United States v. Williams, 1 USCMA 231, 2 CMR 137, and in United States v. Floyd, supra. Although these indications supply sufficient basis for reply to the question certified, application of the Manual's test requires the same result.

The essential elements of assault whereby grievous bodily harm is intentionally inflicted are: (1) ▮▮▮ that the accused assaulted a certain person; (2) that grievous bodily harm was thereby inflicted upon such person; and (3) that such bodily harm was intentionally inflicted. Paragraph 207b, Manual, supra. Each element of this offense is sufficiently alleged in the specification of the charge as quoted above. This alleges an assault upon Sergeant West, characterized by an intent to commit murder. The means by which the assault was committed are set out in the following language: "by striking him across the head with a pistol." Attaching to each word and phrase of this specification its full force and effect,

as we are required to do (United States v. Steele, 2 USCMA 379, 9 CMR 9), it is clear that more than assault coupled with a specific intent is alleged. The language quoted above indicates an unlawful application of force to the person of Sergeant West. Stated differently, it shows that the attempt or offer to do bodily harm, suggested by the words "commit an assault upon" was consummated by the actual infliction of harm. See Manual for Courts-Martial, supra, paragraph 207a.

The extent of the injuries actually inflicted is not specified nor is such an allegation necessary under the charge. However, the possibility that the injuries were grievous within the meaning of Article 128 of the Code, supra, is strongly suggested by the assertion that they were inflicted "with intent to commit murder." Under such an allegation, all of the circumstances, including the nature and extent of the injuries inflicted, are the proper subject of inquiry, for it is from the surrounding circumstances that inferences of intent are drawn. See United States v. Vigil, 3 USCMA 474, 13 CMR 30. Applying the final approach to the problem required by the Manual's test, we find no possibility that the accused was unaware that the seriousness of the injuries suffered by Sergeant West was the crucial issue before the court-martial. After stipulating to the medical diagnosis of the injuries, the defense efforts were concentrated upon minimizing their seriousness. The principal defense argument at the close of the case was directed to this aspect of the evidence almost exclusively. Finally, when the law officer described the intentional infliction of grievous bodily harm as a lesser included offense and explained the meaning of the term "grievous bodily harm" during the course of his instructions, no objection was offered by either the accused or his counsel. Had the defense been misled in any way, it appears certain that counsel would have made some objection at this point.

In our opinion, each essential element of the offense of assault whereby grievous bodily harm is intentionally inflicted is included in the specification

of assault with intent to commit murder as alleged in the instant case, and the Manual's requirements have been met.

The question certified by The Judge Advocate General of the Army is answered in the affirmative.

The decision of the board of review is affirmed.

**Judge LATIMER concurs.**

BROSMAN, Judge (concurring):

I concur—although I attach no weight to the failure of defense counsel to object at the time aggravated assault was mentioned by the law officer as an offense included within the crime of assault with intent to commit murder.

Certainly it is not always proper to regard the former offense as included within the latter. However we made clear in United States v. Davis, 2 USCMA 505, 10 CMR 3, that whether a lesser crime "is necessarily included within that charged, depends almost exclusively on *the facts stated and proved in support of the offense alleged.*"

Measured by this yardstick, I am sure that we are correct in responding to the certified question in the affirmative.