UNITED STATES, Appellee,

v.

William L. RODWELL, Engineman Fireman Apprentice, U.S. Navy, Appellant.

No. 46496.

NMCM 82 0712.

U.S. Court of Military Appeals.

Aug. 26, 1985.

For Appellant: *Lieutenant Roman A. Chojnacki,* JAGC, USNR (argued); *Lieutenant Colonel M. W. Lucas,* USMC and *Lieutenant Philip J. Shebest,* JAGC, USNR (on brief); *Lieutenant Commander David S. Durbin,* JAGC, USNR.

For Appellee: *Lieutenant W. A. Durling,* JAGC, USNR (argued); *Captain W. J. Hughes,* JAGC, USN, *Lieutenant Michael P. Cogswell,* JAGC, USNR (on brief); *Major E. D. Clark,* USMC and *Lieutenant Anita M. Fulton,* JAGC, USNR.

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried by a general court-martial with members on a charge and specification alleging assault with intent to murder "by repeatedly stabbing ... [the named victim] with a knife." The court-martial ultimately convicted appellant of the lesser-included offense of assault with intent to commit voluntary manslaughter and sentenced him to a dishonorable discharge, confinement at hard labor for 5 years, total forfeitures, and reduction to

the lowest enlisted grade. The convening authority approved these results, and the Court of Military Review affirmed.

We have been asked to decide whether the military judge erred—given the allegations of the specification and the state of the evidence—in refusing to instruct the members on the lesser-included offense of assault with intentional infliction of grievous bodily harm. 16 M.J. 412. We conclude that he did.

## I

At issue before us is the adequacy of the specification to allege actual infliction of grievous bodily harm, so as to give rise to a possibility that this is a lesser-included offense. At a session out of the presence of the members where proposed instructions were discussed, the military judge indicated that he would instruct on the lesser-included offenses of assault with intent to commit voluntary manslaughter, assault by intentional infliction of grievous bodily harm, and assault with a dangerous weapon. However, after a short recess, the military judge returned to the out-of-court session with counsel and revealed that he had changed his mind as to the second of these offenses.

The following colloquy between the military judge and counsel reveals the judge's rationale for his change of mind:

MJ: ... Now, in going over these instructions during lunch break, I am of the view now that the offense of intentional infliction of grievous bodily harm is not an LIO in this case because there is no allegations in the specification of any grievous bodily harm. If the government had included grievous bodily harm by saying, "repeatedly stabbing and resulting in the following harm," which the government would have alleged as grievous bodily harm, then I would have instructed, but in this case there is no allegation that there was any grievous bodily harm inflicted in the specification itself ....

\* \* \* \* \* \*

TC: Your Honor, I do have some confusion with the intentional infliction of grievous bodily harm. My understanding of Appendix 12 [of the Manual for Court-Martial, United States, 1969 (Revised edition)] is that that's considered the lesser included offense of the assault with intent to commit murder.

MJ: It certainly could be if the government had alleged the harm done, but the government did not allege the harm done. The government just said, "repeated stabbing" period. Whereas an assault for intentional infliction must allege the grievous bodily harm inflicted. The government didn't do that. You could have, but you didn't.

TC: We were going by the appendix that indicates how you draft a charge for assault with intent to commit murder.

MJ: Well, that's only a guideline to indicate that it's an LIO. It doesn't mean it has to be an LIO in every case. I wouldn't trust to that appendix to determine an LIO alone, for sure, but it's my feeling that since intentional infliction itself requires the allegation of grievous bodily harm inflicted that by necessity if it was going to be a lesser included offense the actual grievous bodily harm inflicted should have been alleged and without that you don't state that sort of offense.

TC: Yes, sir.

## II

■ It is a well-established principle of law in this Court that the military judge has a duty to instruct *sua sponte* on all lesser-included offenses reasonably raised by the evidence. *See, e.g., United States v. Jackson*, 12 M.J. 163, 166 (C.M.A.1981). Here, the military judge understood that, generally, assault with intentional infliction of grievous bodily harm is a lesser-included offense of assault with intent to murder. *See* App. 12, p. A12–6, Manual, *supra*; *see also* para. 64d(1)(a), Part IV, Manual for Courts-Martial, United States, 1984. Moreover, his initial intention to instruct on this

lesser offense—as well as his stated rationale for subsequently deciding otherwise—implies that he believed that the evidence of record did reasonably raise such an aggravated assault as a lesser-included offense. Indeed, the only reason the instruction was not given is that the military judge believed that no actual infliction of grievous bodily harm was alleged in the specification and that this omission precluded consideration of that assault as a lesser-included offense.

The specification in this case is identical in pertinent respects to the specification around which a similar question arose in *United States v. Shelton*, 4 U.S.C.M.A. 116, 15 C.M.R. 116 (1954). The specification here alleged that appellant

> did at pier 12 Naval Station, Norfolk, Virginia, on or about 12 April 1981, *with the intent to murder, commit an assault* upon Seaman Todd Rohling, U.S. Navy, *by repeatedly stabbing him with a knife.*

(Emphasis added). In *Shelton*, it was alleged that the accused

> did, near Marietta, Georgia, on or about 16 January 1953, *with intent to commit murder, commit an assault* upon Sergeant Richard N. West *by striking him across the head with a pistol.*

*Id.* at 118, 15 C.M.R. at 118 (emphasis added). What the Court said in *Shelton* applies equally to the case at bar:

> The essential elements of assault whereby grievous bodily harm is intentionally inflicted are: (1) that the accused assaulted a certain person; (2) that grievous bodily harm was thereby inflicted upon such person; and (3) that such bodily harm was intentionally inflicted. Paragraph 207*b*, Manual ... [for Courts-Martial, United States, 1951]. Each element of this offense is sufficiently alleged in the specification of the charge as quoted above. This alleges an assault upon Sergeant West, characterized by an intent to commit murder. The means by which the assault was committed are set out in the following language: "by striking him across the head with a pistol."

Attaching to each word and phrase of this specification its full force and effect, as we are required to do (*United States v. Steele*, 2 USCMA 379, 9 CMR 9), it is clear that more than assault coupled with a specific intent is alleged. The language quoted above indicates an unlawful application of force to the person of Sergeant West. Stated differently, it shows that the attempt or offer to do bodily harm, suggested by the words "commit an assault upon" was consummated by the actual infliction of harm. See Manual for Courts-Martial, supra, paragraph 207*a*.

> The extent of the injuries actually inflicted is not specified nor is such an allegation necessary under the charge. However, the possibility that the injuries were grievous within the meaning of Article 128 of the Code, supra, is strongly suggested by the assertion that they were inflicted "with intent to commit murder."

*Id.* at 119, 15 C.M.R. at 119. *Cf. United States v. Ricketts*, 1 M.J. 78, 81 n. 3 (C.M.A.1975)("[T]he military judge erred by originally concluding that a specification alleging premeditated murder did not contain, by clear implication, an intent to inflict grievous bodily harm.").

■ Applying this rationale here, we are confident that an allegation of intent to murder demonstrated by "an assault ... by repeatedly stabbing ... [the victim] with a knife" adequately alleges actual infliction of grievous bodily harm. *Cf. United States v. Malone*, 4 U.S.C.M.A. 471, 476, 16 C.M.R. 45, 50 (1954)(In a specification alleging "that the accused 'did, ... with intent to commit voluntary manslaughter, commit an assault ... by shooting him with a pistol,'" the "language may be interpreted fairly to allege the necessary elements of the lesser offense [of assault with intentional infliction of grievous bodily harm], and is sufficient to inform the accused of what he must meet at trial.").

### III

The Government nonetheless attempts in this Court to salvage appellant's conviction of assault with intent to commit voluntary manslaughter on two additional alternative bases: 1) That the lesser offense of assault with infliction of grievous bodily harm was not reasonably raised by the evidence; and 2) that "appellant benefitted [sic] from the absence of the instruction."

### A

■ As mentioned earlier, the military judge obviously believed that the evidence raised the questioned lesser-included offense. Indeed, "[t]he Government acknowledges that all of the trial participants believed the issue had been raised."[1] Nonetheless, the Government now urges that the judge and both counsel at trial were incorrect because "it would 'approach absurdity' ... to suggest that the appellant's intent was anything less than the intent to kill." In support of its position, the Government relies on the evidence of record concerning the wounds inflicted: "the number of stab wounds, three; their respective depths, one inch, two inches, and three inches; and their location on the victim's body, all in the chest area."

■ We are not as convinced that this evidence alone makes it an "absurdity" to contend that appellant intended only to inflict grievous bodily harm through his assault. *Cf. United States v. Malone, supra* (where the Court determined that the evidence of record on a charge of assault with intent to commit voluntary man-

slaughter "by shooting ... [the victim] with a pistol" fairly raised the lesser-included offense of assault with intentional infliction of grievous bodily harm). Indeed, appellant's intent was literally the only real issue in dispute at trial, and we are loathe to disregard the views of all the trial participants as to the state of the evidence on this point. As the United States Supreme Court has held, "[S]o long as there was some evidence [raising the lesser-included offense], the credibility and force of such evidence must be for the jury, and cannot be matter of law for the decision of the court." *Stevenson v. United States*, 162 U.S. 313, 315, 16 S.Ct. 839, 40 L.Ed. 980 (1896). Indeed, any doubt whether the evidence is sufficient to raise the need to instruct on a lesser-included offense must be resolved in favor of the accused. *United States v. Steinruck*, 11 M.J. 322 (C.M.A. 1981); *United States v. Staten*, 6 M.J. 275 (C.M.A.1979).

### B

■ It is difficult to imagine how appellant could have benefited from the judge's omission to instruct on assault with intentional infliction of grievous bodily harm when he was found guilty of assault with intent to commit voluntary manslaughter, a greater offense. In fact, apart from making this assertion, the Government has presented no real supporting argument in its brief.

Government appellate counsel do contend, however, that appellant was not prejudiced by the omission.[2] Their argument is

---

1. The opinion of the Court of Military Review is at odds with this evaluation of the military judge's position. That court concluded:

   We find that the military judge found as a matter of fact from the evidence presented that appellant had formed an intent to kill the victim. In our analysis of the evidence we also find from the facts presented that appellant had formed an intent to kill and that the instructions as given by the military judge and concurred in by both trial and defense counsel were correct.

   Unpublished opinion at 8. However, if the court below was correct as to what "the military judge found as a matter of fact from the evi-

dence presented," then the military judge would not have proposed initially to instruct on assault with intentional infliction of grievous bodily harm—an offense for which only the lesser intent was required. Moreover, the military judge did instruct on the lesser offense of assault with a dangerous weapon—a further indication that he had not "found" appellant's intent to have been to kill the victim. Clearly, there was "'some evidence'" of record raising the lesser-included offense "to which the fact finders might 'attach credit if' they so desire." *United States v. Jackson*, 12 M.J. 163, 167 (C.M.A.1981).

2. *See United States v. Johnson*, 1 M.J. 137, 139 (C.M.A.1975).

that, because the members voted on the offenses beginning with the most serious and because they ultimately convicted appellant of an offense more serious than the one now in issue, the members never would have reached a vote on the omitted offense even if proper instructions had been given.

Although superficially appealing, this argument must be rejected. There was no dispute at trial that appellant's victim suffered the serious wounds alleged. Yet, because of the omitted instruction, the members were placed by the judge in a position where, if they did not convict appellant of assault with intent to commit manslaughter, the only available lesser offense was assault with a dangerous weapon—an offense not necessarily involving any injury at all. If the military judge had correctly instructed on assault with intentional infliction of grievous bodily harm, so that the members would have known at the beginning of their deliberations that this possibility was open to them, who knows what would have been the outcome of the vote on assault with intent to commit voluntary manslaughter.

Attempting to infer how court members might have voted if properly instructed is always a risky business; and this case is no exception. We simply are unable to conclude that appellant was not prejudiced here by the instructional omission.

## IV

In sum, we decide that the elements of assault with intentional infliction of grievous bodily harm were included in the specification alleging assault with intent to murder; that the evidence of record reasonably raised this lesser-included offense; and that appellant may have suffered prejudice as to findings and sentence because of the judge's instructional error.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy for resubmission to that court, which may, in its discretion, either set aside the findings and sentence and authorize a rehearing or affirm the lesser offense of assault with intentional infliction of grievous bodily harm and reassess the sentence.[3]

Judge COX concurs.

Judge FLETCHER did not participate.

---

**3.** *Cf. United States v. Suzuki*, 20 M.J. 248 (C.M.A. 1985): "[W]hen prejudicial error has occurred in a trial, not only must the Court of Military Review assure that the sentence is appropriate in relation to the affirmed findings of guilty, but also it must assure that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed." *Id.* at 249 (Everett, C.J.).