**UNITED STATES**

v.

**Airman Rowne H. JOHNSON, FR 197–58–5764, United States Air Force.**

**ACM 25754.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 Oct. 1986.

Decided 4 Sept. 1987.

————

Appellate Counsel for the Appellant: Donald W. Brewer, Germantown, Ohio. Colonel Leo L. Sergi, Major Timothy J. Malloy and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel

Robert E. Giovagnoni and Lieutenant Colonel Morris A. Tanner, Jr.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MICHALSKI, Judge:

A general court-martial consisting of a military judge and members convicted the appellant upon his mixed pleas of the following offenses involving his wife as the victim: three specifications of assault and battery, burglary with intent to commit voluntary manslaughter, and attempted premeditated murder.

Although the appellant assigns three errors for our consideration, we have determined that only the first, set out below, merits discussion:

> WITH RESPECT TO THE CHARGE AND SPECIFICATION ALLEGING ATTEMPTED PREMEDITATED MURDER, THE TRIAL JUDGE ERRED TO THE MANIFEST PREJUDICE OF THE ACCUSED IN FAILING TO INSTRUCT THE COURT MEMBERS AS TO THE PRINCIPAL LESSER INCLUDED OFFENSE OF ATTEMPTED UNPREMEDITATED MURDER.

We agree that prejudicial error resulted from this instructional omission. To understand the issue better, the pertinent facts, which are largely undisputed, are set out below.

The appellant's marriage to his wife, Sharon, was beset with turmoil, apparently caused by her suspected infidelities and his resultant outbursts of jealousy. On 15 June 1986 the appellant's mistrust erupted into an assault on Sharon that broke her nose, chipped a tooth and bruised her ribs. Another attack occurred on 22 June 1986, when he hit her about the head, threw her to the floor and, later, cut her abdomen with a knife. Not long after this incident Sharon started separation proceedings and on 3 July 1986, obtained a British court order restricting the appellant from entering their off base residence, a local flat. Shortly thereafter his commander ordered the appellant to reside in a base dormitory and not to contact Sharon without permission of the British Court.

During the evening of 5 July 1986, the appellant was in a pub not far from his flat, where he was told that his wife was entertaining men and a woman at their residence. This news upset him to the extent that he decided to go to the "off limits" marital flat for the ostensible purpose of chasing the men away. He claimed he took a knife with him to help him in this endeavor. When he arrived at his destination he peered through the opening in the letter box affixed to the front door of the house and thought he saw his wife having sex with a man on the floor. He tried to unlock the door but could not. He tried to kick it open but could not. By this time Sharon was shouting at him to stop and to leave, but instead he went to the kitchen window. At about this moment Sharon unlocked the front door and let out her girlfriend, who went to summon the police. The appellant then threw a barbecue grill through the window, climbed through and moved towards Sharon with knife in hand, passing by the male guests who were running out the door. Appellant stopped to lock the door after them and went after his wife. He and his wife struggled and she managed to knock the weapon out of his hand. He went into the kitchen for another knife and although Sharon fought to prevent it, he found one and began to stab her repeatedly. Twenty stab wounds were inflicted, two of which were six inches deep and penetrated her lungs. Fortunately, the police arrived in time to save her. Upon their arrival they heard her screaming for help, kicked the door open, found the appellant with a knife astride his prostrate wife and pulled him off.

Concerning the charge of attempted premeditated murder, the appellant pleaded guilty to the lesser included offense of assault with a dangerous weapon. During the Art. 39(a), U.C.M.J., 10 U.S.C. § 839(a), session on the prefindings instructions, the trial defense counsel did not request an instruction on the lesser included offense of attempted unpremeditated murder nor did he object to its omission. The military

judge instructed on the lesser included offenses of attempted voluntary manslaughter and assault in which grievous bodily harm was intentionally inflicted. However, he did not provide the members with instructions on the principal lesser included offense of attempted unpremeditated murder.

Department of the Army Pamphlet 27–9, para 3–86, Note 7, the Military Judge's Benchbook, provides, "When killing in the heat of passion caused by adequate provocation is placed in issue, the military judge should instruct on the lesser included offense of voluntary manslaughter as well as *unpremeditated murder.*" (Emphasis added). The evidence reasonably raised the issue as to whether the 6 July 1986 attack was committed in the heat of sudden passion caused by adequate provocation viz., Sharon's suspected infidelities. "A military judge has the sua sponte duty to instruct the Court on the elements of all lesser offenses included in the offense charged if there is evidence from which the fact finders can reasonably infer the accused's guilt of the lesser crime." *United States v. Banks,* 7 M.J. 501 (A.F.C.M.R. 1979); *United States v. Rodwell,* 20 M.J. 264 (C.M.A.1985). The main thrust of appellant's defense at the trial was that he acted in the heat of sudden passion caused by adequate provocation. Even if there was doubt in the military judge's mind whether there was sufficient evidence to raise this issue and the consequent need to instruct on the lesser included offense of attempted unpremeditated murder, that doubt should have been resolved in favor of the accused and the instruction given. In *United States v. Rodwell, supra,* at 267, Chief Judge Everett stated that it is "difficult to imagine how appellant could have benefited from the judge's omission to instruct on assault with intentional infliction of grievous bodily harm when he was found guilty of assault with intent to commit voluntary manslaughter, a greater offense." Here too, the appellant was convicted, contrary to his plea, of the greater offense. Although it is correctly argued that the facts support the finding of guilt of all the elements of the greater offense,

we will not speculate on what the outcome of this hotly contested trial would have been had the missing instructions been given. Again, as in *Rodwell,* the members were deprived of an important option at the outset of their deliberations, thereby denying the appellant a critical aspect of his defense.

We conclude that the appellant was prejudiced as to the findings regarding Charge III. Accordingly, the findings of attempted premeditated murder are set aside as is the sentence. The remaining findings of guilty are affirmed. A rehearing on the charge of attempted premeditated murder and on the sentence may be ordered. In the event the convening authority elects to dismiss the charge and specification relating to attempted premeditated murder, a rehearing as to sentence may be ordered.

Senior Judge FORAY and Judge MURDOCK concur.