UNITED STATES

v.

**Senior Airman James C. SHEPPARD, FR 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, United States Air Force.**

**ACM 27562.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Dec. 1988.

Decided 9 Nov. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Major Frank J. Spinner and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni, Major Terry M. Petrie and Captain Morris D. Davis.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

DECISION

MURDOCK, Judge:

The appellant was found guilty, contrary to his pleas, of discharging a firearm in the

direction of a pickup truck under circumstances to endanger human life, in violation of Article 134, 10 U.S.C. § 934. He had originally been charged with assault with a loaded firearm, in violation of Article 128, 10 U.S.C. § 928. The adjudged sentence was a bad conduct discharge, confinement for six months, and reduction to airman basic. The convening authority reduced the confinement to four months and approved the sentence. The appellant asserts three errors and invites our attention to two others. We find merit in only one of these errors. Since we find that error non-prejudicial, we affirm.

The situation which led to the appellant's court-martial developed quickly on a stretch of Interstate 95 in Fort Lauderdale, Florida. Not surprisingly, there are two versions of what happened. Essentially, the appellant's van overtook a pickup and passed to its left. The pickup's driver was concerned about the way the appellant's van was being driven, and he caught up with him to get the license plate number. Some jockeying occurred and the pickup was soon near the right side of the van. Soon thereafter, the appellant (who was not driving his van) held a pistol out the passenger window and fired at the pickup twice. Both shots struck the pickup but neither injured the driver or passenger of that vehicle. The pickup driver spotted a Florida Highway Patrol car on the shoulder not far away and signalled the need for the patrol officer to pull the van over.

The highway patrol officer stopped the van in a parking lot near one of the next freeway exits. She asked the appellant whether there was a gun in the van, and he said that there was. She reached into the van and found a gun in a leather pouch. That gun turned out to be a .25 caliber semiautomatic Titan handgun. Sometime later the police found another pistol, a .38 caliber, stored in a gas mask bag in the appellant's van.

■ During a pretrial session, the defense made a motion in limine to estop the government from referring to the .38 caliber gun. The judge granted the motion. Later, when the appellant took the stand in his own defense, he said he bought the .25 caliber gun for the protection of his family because he had recently married and moved to a high crime area.

The government called for an Article 39(a), UCMJ, session and asked permission to impeach the appellant's credibility with information about the .38 caliber gun. The government proposed two grounds for their request: First, to show that the presence of the gun was inconsistent with the statement to the police that the .25 caliber was the only gun in the van that night, and second, to rebut the appellant's assertion that he had bought the .25 caliber to protect his family.

Trial defense counsel objected to allowing the questioning. She cited Mil.R.Evid. 401, because the evidence about the .38 caliber was not relevant to the issue of the assault with the .25 caliber gun, and Mil.R. Evid. 403 because even if relevant, the .38 caliber's probative value was outweighed by its potential for unfair prejudice. We agree.

The judge ruled that he would not allow the evidence of the gun based on the first reason asserted by the government, but that he would allow questioning based on the second rationale. In doing so he erred.

There is no evidence that the appellant ever used the .38 caliber gun during the charged assaults (or any other time). Even with the broad scope of rebuttal allowed in our courts, we cannot see how, in the facts of this case, the presence of one gun rebuts use of another gun for any specific purpose, including family protection. *United States v. Cleveland*, 27 M.J. 530 (A.F.C.M. R.1988). The principal use for this evidence appears to be to portray the appellant as a reckless gunslinger. In so doing, the evidence exceeds the charges and any relevance it might have far outweighs the appropriate probative value. Mil.R.Evid. 403.

■ We must now test for prejudice, first on findings and then on the sentence. The evidence presented at trial showed that the appellant possessed more than one gun in his van on the night of the incident.

However, it did not show that the gun was involved in the charged offenses, nor did the evidence disprove that the .25 caliber gun had been purchased to protect the appellant's family. Further, the charged and proved offenses clearly were committed with the .25 caliber gun, not the .38 caliber. We are convinced that the mention of another gun did not mislead the factfinders about how the offenses were committed, or with what gun. The error was harmless for findings.

■ Now turning to sentencing, the charged offense was very serious and showed a complete disregard for public safety. The maximum punishment for the charged offense was a dishonorable discharge, total forfeitures, confinement for eight years, and reduction to airman basic. The maximum punishment authorized for the included offense, of which he was found guilty, is a dishonorable discharge, total forfeitures, confinement for one year, and reduction to airman basic. In this perspective we have no difficulty finding the error was harmless for sentencing. We are convinced the sentence is appropriate in relation to the affirmed findings of guilty and is no greater than that which would have been imposed if the error had not been committed. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

■ The appellant next asserts that the judge erred by allowing cross-examination, over objection, to the effect that the appellant had lied under oath during findings. False testimony by an accused is a factor a factfinder may consider in evaluating potential for rehabilitation. *United States v. Warren*, 13 M.J. 278, 285 (C.M.A.1982). The judge's action was well within his discretion.

■ Finally, the appellant asserts that the judge erred by ruling and instructing that willful discharge of a firearm, in violation of Article 134, UCMJ, was a lesser included offense of assault with a deadly weapon, in violation of Article 128, UCMJ. We find no error. These two offenses are not specifically linked in the Manual for Courts–Martial. MCM, Part IV, paragraph 54d. However, servicemembers may prop-

erly be convicted of lesser included offenses even when the offenses are not listed in the discussions in Part IV of the Manual for Courts–Martial. MCM, Part IV, paragraph 2b(4). What is required is that the specification contains allegations which either expressly or by fair implication put the accused on notice to be prepared to defend against it in addition to the offense specifically charged.

The Manual makes it clear that "[t]he notice requirement may also be met, depending on the allegations in the specification, even though an included offense requires proof of an element not required in the offense charged." MCM, Part IV, paragraph 4b. In the present case all of the elements of the Article 134 offense are included in the Article 128 offense with the exception of the requirement that the conduct be, under the circumstances, to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. The trial defense counsel objected to the instruction on the Article 134 offense claiming there was no evidence to support this element.

There was ample evidence, if believed, which would show that the conduct was to the prejudice of good order and discipline or was of a nature to bring discredit upon the armed forces. An act which violates local civil law may be punished under Article 134, UCMJ, when it constitutes a disorder to the prejudice of good order and discipline or as being of a nature to bring discredit upon the armed forces. MCM, Part IV, paragraph 60. It is difficult to see how brandishing and firing a weapon from a moving vehicle on a public highway could not prejudice good order and discipline or bring discredit upon the armed forces. The judge did not err by instructing that willful discharge of a firearm, in violation of Article 134, UCMJ, was a lesser included offense of assault with a deadly weapon, in violation of Article 128, UCMJ. Where lesser included offenses are raised by the evidence, the military judge has a duty to instruct on them. *United States v. Rodwell*, 20 M.J. 264 (C.M.A.1985); *United*

**862**

*States v. Johnson,* 25 M.J. 503 (A.F.C.M.R. 1987).

The appellant's other assertions of error and invitations for us to consider other issues are all resolved against him. *United States v. Wheeler,* 38 C.M.R. 78 (C.M.A. 1967); U.S. Const. amend V; Air Force Regulation 111-1, *Military Justice Guide,* para 3-7 (30 Sep 88). We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Chief Judge HODGSON and Senior Judge FORAY concur.