**UNITED STATES, Appellee**

v.

**Sergeant Phyllis A. WILLIAMS-OATMAN, 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, United States Army, Appellant.**

**ACMR 9201859.**

U.S. Army Court of Military Review.

26 Oct. 1993.

For Appellant: Lieutenant Colonel James H. Weise, JAGC, Major James M. Heaton, JAGC, Captain Alison L. Becker, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before CREAN, Senior Judge, and MORGAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

CREAN, Senior Judge:

Contrary to her plea, the appellant was found guilty, by a general court-martial composed of officer and enlisted members, of involuntary manslaughter in violation of Article 119, Uniform Code of Military Justice, 10 U.S.C. § 919 (1988). The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for thirty months, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant asserts that she is entitled to a new recommendation of the staff judge advocate and action by the convening authority because the staff judge advocate did not comment on a legal error raised in response to the staff judge advocate's recommendation. She also asserts that the court-martial lacked jurisdiction because the military judge was appointed in viola-

tion of the Appointments Clause of the United States Constitution and that the military judge erred on his instruction on reasonable doubt. We agree that the staff judge advocate should have commented on the legal error raised by the appellant but do not agree that a new staff judge advocate recommendation and convening authority action are required. We disagree with appellant on the other two issues.

The staff judge advocate's recommendation to the convening authority under Rule for Court–Martial 1106 [hereinafter R.C.M.], in the appellant's case was forwarded to the trial defense counsel on 27 October 1992. On 2 November 1992, the trial defense counsel submitted a response under R.C.M. 1105. That submission stated:

1. *Recommendation.* The forfeiture of pay should be disapproved to allow SGT Williams–Oatman to provide support to her two young children. The bad-conduct discharge should also be disapproved because SGT Williams–Oatman was an excellent soldier and no purpose is served by this punishment.

The next paragraph was the background of the case and was followed by two main paragraphs with two subparagraphs under one and six subparagraphs under the other. These paragraphs stated a basis for the convening authority to grant the requested clemency. The next main paragraph stated:

5. *Consideration of Inadmissible Evidence.* The Military Judge over defense objection, allowed the government to inquire at trial into SGT Williams–Oat-

man's possession of a knife in her purse for self-defense. (ROT at p. 304) The military judge should have excluded the evidence as being irrelevant and unfairly prejudicial under MRE 403 and *United States v. Sheppard*, 29 M.J. 859 (AFCMR 1989).[1]

The submission had a concluding paragraph that stated:

6. *Conclusion.* Thirty months of confinement are sufficient punishment for what SGT Williams–Oatman did. The forfeiture of pay and the bad-conduct discharge should be disapproved.

In response, the staff judge advocate, treating the trial defense counsel's submission as a clemency request, provided the convening authority an addendum to his recommendation outlining the trial defense counsel's request and stating that his recommendation remained the same and that the convening authority approve the sentence as adjudged. The staff judge advocate in his addendum did not note or comment on any legal errors.

■■■ When an allegation of legal error is raised in matters submitted under R.C.M. 1105, the staff judge advocate must inform the convening authority whether corrective action is required. *United States v. Hill*, 27 M.J. 293, 295 (C.M.A. 1988); *United States v. James*, 24 M.J. 397 (C.M.A.1987); *United States v. Silva*, 23 M.J. 264 (C.M.A.1986). The staff judge advocate's response may merely consist of a statement of agreement or disagreement with the matters raised. An analysis by the staff judge advocate is not required.

---

1. Prior to trial, the appellant moved *in limine* to prevent the government from presenting in evidence a knife seized from the appellant's purse when she was apprehended for the death of the victim. The government advised the military judge that it did not intend to introduce the knife as evidence during its presentation on the merits of the case. The military judge considered the appellant's motion moot. After the presentation of the government's case, the military judge advised the appellant that if evidence of good character for peacefulness was introduced by the appellant, the government would be permitted to cross-examine the appellant and other witnesses about the appellant carrying a knife in her purse. The appellant then present-

ed her evidence consisting of her own testimony and that of several witnesses. The military judge determined that the appellant had opened the door for the government to cross-examine witnesses about the knife. The appellant presented six more witnesses as to her reputation for peacefulness and the government cross-examined one based on his knowledge of the appellant carrying a knife. The appellant then testified again and explained that the knife was only a paring knife that she carried for protection. The military judge instructed the court members to consider the knife only for the limited purpose of assessing her peaceful character.

R.C.M. 1106(d)(4). Even if the staff judge advocate fails to respond to an allegation of legal error, this court is free to affirm the case when the alleged error has no merit and would not have led to a favorable recommendation by the staff judge advocate or corrective action by the convening authority. *Hill,* 27 M.J. at 297.

■ We find that the trial defense counsel, even though done unartfully, did allege legal error in his submission under R.C.M. 1105. The paragraph in question was entitled "Consideration of Inadmissible Evidence". The plain reading of that title could only mean that the trial defense counsel was alleging that the military judge erred in permitting inadmissible evidence before the fact finder. The trial defense counsel even cited a case as authority for the alleged error. This statement in the submission alleged legal error even though both the recommendation and the conclusion paragraphs requested sentence and not legal relief and the major portion of the submission was an extensive list of reasons to grant sentence relief.

There are lessons to be learned from this case. The trial defense counsel in submitting matters to the convening authority under R.C.M. 1105 is an advocate for the client. If the trial defense counsel disguises the points that are advocated so that the staff judge advocate and the convening authority cannot reasonably tell what is requested, then the trial defense counsel has done the client no good. A trial defense counsel should state clearly and concisely what relief is sought and the reasons why relief should be granted. For staff judge advocates, the lesson learned is that the R.C.M. 1105 submission must be read carefully. The recommendation to the convening authority is not a pro forma act by the staff judge advocate but a meaningful evaluation of the matters submitted on behalf of an accused. If the intent of the trial defense counsel is not clear, it is incumbent on the staff judge advocate to "protect the record" and discuss all possible interpretations of the R.C.M. 1105 submission.

■ Even though we have found that there was legal error alleged and the staff judge advocate erred in not commenting on the error, we still must determine if the record is to be returned to the staff judge advocate and convening authority for corrective action. *Hill,* 27 M.J. at 297. We find that the allegation of legal error espoused by the trial defense counsel lacked merit and returning the case to the staff judge advocate and convening authority is not necessary. The military judge repeatedly informed the appellant that, if evidence of her reputation for peacefulness was presented, there could be cross-examination as to the knife. The fact that appellant carried a knife in her purse was relevant to her reputation for peacefulness. The military judge did not err in admitting this evidence and he also gave the proper limiting instruction.[2] Since the allegation lacked merit, it would not have resulted in a favorable comment by the staff judge advocate or corrective action by the convening authority.

The appellant asserts that the military judge erred in defining reasonable doubt by substituting moral certainty for the correct standard. *See Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). The military judge used the instruction on reasonable doubt contained in Dep't of Army, Pam. 27–9, Military Judges' Benchbook, para. 2–29.1 (1 May 1982) (C3, 15 Feb. 1989). That instruction is not the same instruction used in *Cage.* The United States Court of Military Appeals has rejected this assertion of error. *United States v. Robinson,* 38 M.J. 30 (C.M.A.1993).

The United States Court of Military Appeals has also resolved the appellant's as-

---

2. The authority cited by the trial defense counsel in the R.C.M. 1105 submission for the proposition that the military judge erred in permitting the cross-examination on the knife, *United States v. Sheppard,* 29 M.J. 859 (A.F.C.M.R. 1989), is factually different from this case. In *Sheppard,* our Air Force brothers found error when the military judge permitted cross examination about a second gun found in the accused's van because it portrayed the accused as possessing a number of guns and was a "gunslinger". There was no testimony in that case, as there was in this case, on the accused's reputation for peacefulness.

sertion on the appointment of the military judge against her in *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993). We have carefully considered the issues raised personally by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to lack merit.

The findings of guilty and the sentence are affirmed.

MORGAN and GONZALES, JJ., concur.