UNITED STATES ARMY COURT OF CRIMINAL APPEALS
 
 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges
 
 UNITED STATES, Appellee
 v.
 Private E1 ERIC L. ADKINS
 United States Army, Appellant
 
 ARMY 20090346
 
 Headquarters, Fort Carson 
 Debra L. Boudreau, Military Judge
 Colonel Michael W. Meier, Staff Judge Advocate
 
 
For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Captain Pamela Perillo, JA (on brief).

For Appellee: Lieutenant Colonel Francis C. Kiley, JA; Major Charles C. Choi, JA (on brief).

 13 April 2010
 
 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:
 Appellant asserts the staff judge advocate (SJA)'s addendum prejudiced him by failing to address his assertion of legal error in his Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters, to wit: after his trial, when he reached the Naval Brig Charleston, appellant was placed in maximum confinement where he sat "alone in a cell" for eight days for "no good reason." Appellant asserts this court may examine alleged error to determine whether the SJA's failure to comment violated appellant's substantial rights, and this court must remedy those legal errors it finds meritorious. United States v. Welker, 44 M.J. 85, 89 (C.A.A.F. 1996). 

 First, we note that appellant's complete R.C.M. 1105 submission including this allegation was presented to the convening authority. Further, in his addendum, the SJA opined "no corrective action on the findings or sentence is required." Thus, the minimal requirements of R.C.M. 1106(d)(4) were satisfied. See United States v. Catrett, 55 M.J. 400, 407-08 (C.A.A.F. 2001). 

 Second, we hold that even if trial defense counsel's statement regarding maximum custody solitary detention amounted to an assertion of legal error and the SJA erred in not commenting on it, the allegation lacked merit. See United States v. Avila, 53 M.J. 99, 101 (C.A.A.F. 2000) ("Solitary confinement, per se, has not been held to violate the Cruel and Unusual Punishment Clause."); also United States v. Ney, 68 M.J. 613 (Army Ct. Crim. App. 2010) (mere assertion of punitive impact of post-trial confinement insufficient to support allegation of cruel or unusual punishment). Thus, returning the case to the SJA and convening authority is not necessary. See United States v. Hill, 27 M.J. 293, 296-97 (C.M.A. 1988); United States v. Williams-Oatman, 38 M.J. 602, 604 (A.C.M.R. 1993). 

We have considered the matters personally raised by appellant under United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them without merit. The
findings of guilty and the sentence are affirmed.

 FOR THE COURT:

MALCOLM H. SQUIRES, JR.
 Clerk of Court