**UNITED STATES, Appellee,**

v.

**Anthony G. GRIFFIN, Private,
U.S. Army, Appellant.**

No. 98–1075.
Crim.App. No. 9601913.

U.S. Court of Appeals for
the Armed Forces.

Argued April 6, 1999.

Decided July 12, 1999.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, CRAWFORD, and GIERKE, JJ., joined.

For Appellant: *Captain Patricia A. Lewis* (argued); *Colonel John T. Phelps, II, Lieutenant Colonel Adele H. Odegard,* and *Major Leslie A. Nepper* (on brief).

For Appellee: *Captain Troy A. Smith* (argued); *Colonel Russell S. Estey* and *Lieutenant Colonel Eugene R. Milhizer* (on brief); *Major Lyle D. Jentzer.*

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer members convicted appellant, pursuant to mixed pleas, of absence without leave (14 days) and assault with a dangerous weapon, in violation of Articles 86 and 128, Uniform Code of Military Justice, 10 USC §§ 886 and 928, respectively. He was sentenced to a dishonorable discharge, 6 months' confinement, total forfeitures, and reduction to E–1. The convening authority approved the sentence, and credited him with 45 days of confinement. The Court of Criminal Appeals affirmed.

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED WHEN SHE FAILED TO INSTRUCT THE PANEL MEMBERS OF ALL LESSER–INCLUDED OFFENSES OF THE CHARGE OF ASSAULT WITH

INTENT TO INFLICT GRIEVOUS BODILY HARM.

We affirm, for the reasons set forth herein.

## I.  Factual Background

This case grew out of a dispute between two roommates over a $12.00 cable television bill. On September 30, 1996, Private First Class Loseke demanded that appellant pay the $12.00 balance he owed to Loseke for the cable bill. Appellant agreed to pay his debt, but said that he would first have to obtain funds from an automated teller machine. Not satisfied with this response, Loseke went to the dayroom where he complained to his Squad Leader, Specialist Lane, that his roommate would not pay the bill. Lane offered to "move upstairs and take care of it right now."

Loseke returned to the room he shared with appellant, accompanied by Lane. Loseke unlocked the door and pushed it slightly ajar. Then Lane kicked the door open, "[j]ust to get the effect and to let ... Private Griffin know I was entering the room."

Appellant was seated on the couch opening mail with a double-edged knife. Lane ordered him to stand at parade rest. Appellant rose, still grasping the knife in his right hand, while the mail that had been in his lap fell to the floor. Appellant and Lane exchanged angry words, which quickly escalated into a physical confrontation.

The parties dispute whether appellant or Lane delivered the first blow. Lane indicated that appellant made "a pistol type motion with his hand" and tapped Lane on the nose. Appellant testified that he neither made such a gesture nor otherwise touched Lane. He testified, instead, that Lane "just came in fighting, you know, came in swinging."

Within seconds, both Lane and appellant were swinging at each other. After taking four or five swings, appellant dropped the knife and they "continued to fight." Only after the fight, and after leaving appellant's room, did Lane discover that he had been stabbed in the arm. Lane later learned that the knife wounds had damaged, perhaps permanently, "the three main peripheral nerves that supply the muscles and sensations of the arm and hand."

Appellant was charged under Article 128 with assault in which grievous bodily harm is intentionally inflicted. This offense requires proof that: (1) "the accused assaulted a certain person"; (2) "grievous bodily harm was thereby inflicted upon such person"; (3) the "harm was done with unlawful force or violence"; and (4) the accused, at the time, specifically intended "to inflict grievous bodily harm." Para. 54b(4)(b), Part IV, Manual for Courts–Martial, United States (1998 ed.).

During a conference under RCM 802, Manual, *supra,* defense counsel requested instructions on the lesser-included offenses of simple assault and simple battery. The military judge declined to give the instructions, stating that those lesser offenses were not "fairly raised by the evidence." She instructed the members on another lesser offense, assault with a dangerous weapon or other means or force likely to produce death or grievous bodily harm. This offense requires proof that: (1) the accused attempted, offered, or did "bodily harm to a certain person"; (2) "the accused did so with a certain weapon, means, or force"; (3) "the attempt, offer, or bodily harm was done with unlawful force or violence"; and (4) "the weapon, means, or force was used in a manner likely to produce death or grievous bodily harm." Para. 54b(4)(a), Part IV.

The military judge also gave instructions on the defenses of accident and self-defense. The members found appellant not guilty of assault in which grievous bodily harm is intentionally inflicted, but guilty of the lesser-included offense of assault with a dangerous weapon.

Appellant now asserts that the evidence reasonably raised the issue of his intent to stab Lane with the knife, requiring the military judge to instruct the members on the lesser-included offense of assault consummated by a battery.

## II.  Discussion

■ "[T]he military judge has a duty to instruct *sua sponte* on all lesser-included offenses reasonably raised by the evidence." *United States v. Rodwell,* 20 MJ 264, 265

(CMA 1985); RCM 920(e)(2) (instructions on findings shall include a "description of the elements of each lesser included offense in issue"). The non-binding Discussion accompanying that Rule states that "[a] matter is 'in issue' when some evidence, without regard to its source or credibility, has been admitted upon which members might rely if they choose. An instruction on a lesser included offense is proper when an element from the charged offense which distinguishes that offense from the lesser offense is in dispute."

There was no dispute at trial over whether appellant stabbed Lane or whether appellant knew he was holding the knife when he swung at Lane. In essence, appellant contended that he just happened to be holding a knife and accidentally stabbed Lane in the course of defending himself. Appellant insisted that he did not intend to stab Lane: "I had no intentions with the knife, not to stab him or do any harm to him. It's just that, when he pushed me he just came in swinging and I just started, you know, swinging back and defending myself."

■ The offense with which appellant was charged—assault in which grievous bodily harm is intentionally inflicted—requires proof that an accused specifically intended to inflict such harm. The lesser offense of which he was convicted—assault with a dangerous weapon—requires only a general intent to assault the victim. The lesser offense contains no separate intent requirement with respect to the actual, resulting harm to the victim, or with respect to the use of a weapon to accomplish the assault. In other words, the mere use of a weapon in the course of an assault satisfies the "weapon" element of the lesser offense, regardless whether the assailant intended to use the weapon to effect his assault.

In the present case, the military judge properly instructed the members that assault with a dangerous weapon required them to first find that appellant "did bodily harm to" the victim, that he "did so with a certain weapon," that he "used ... unlawful force or violence," and finally, "that the weapon was used in a manner likely to produce grievous bodily harm." She properly omitted any re-

quirement that they find a specific intent to use the weapon to effect his assault.

The issue in this case is whether the evidence supporting appellant's position—that he did not intend to stab Lane—put in issue any element of the offense of assault with a dangerous weapon that would distinguish that offense from an assault consummated by a battery. The elements of assault consummated by a battery are that: (1) "the accused did bodily harm to a certain person; and" (2) "the bodily harm was done with unlawful force or violence." Para. 54b(2), Part IV. Because specific intent is not an element of either the offense of assault with a dangerous weapon or assault consummated by a battery, the existence of a factual issue concerning appellant's specific intent did not raise an issue that would distinguish assault with a dangerous weapon from an assault consummated by battery.

■ There is no factual dispute that appellant used a dangerous weapon in his assault upon Lane. The Supreme Court has held that "[a] lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a *disputed* factual element which is not required for conviction of the lesser-included offense." *Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965) (quoted in *United States v. Jackson,* 12 MJ 163, 167 (CMA 1981)) (emphasis added). Although use of a dangerous weapon is an element of the offense of which appellant was convicted, but not of assault consummated by a battery, this element is not in dispute in this case.

## III. Conclusion

We hold that a factual issue as to appellant's intent to use a dangerous weapon does not require an instruction on the offense of assault consummated by a battery where, as here, there is no factual dispute as to whether appellant knowingly assaulted the victim while knowingly holding a dangerous weapon.

## IV. Decision

The decision of the United States Army Court of Criminal Appeals is affirmed.