UNITED STATES, Appellee

v.

Michael R. BEAN, Senior Airman
U.S. Air Force, Appellant

No. 05-0101

Crim. App. No. 35422

United States Court of Appeals for the Armed Forces

Argued October 12, 2005

Decided December 22, 2005


BAKER, J., delivered the opinion of the Court, in which GIERKE, C.J., and CRAWFORD, EFFRON, and ERDMANN, JJ., joined.


Counsel


For Appellant:  Captain John N. Page III (argued); Colonel Carlos L. McDade, Major Terry L. McElyea, Major Sandra J. Whittington, and Captain Jennifer K. Martwick (on brief).

For Appellee:  Major Carrie E. Wolf (argued); Lieutenant Colonel Robert V. Combs and Lieutenant Colonel Gary F. Spencer (on brief).

Military Judge:  Harvey A. Kornstein


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge BAKER delivered the opinion of the Court.

After a contested general court-martial before members, Appellant was convicted of three specifications of aggravated assault with a loaded firearm,[1] aggravated assault by brandishing a knife, simple assault, and carrying a knife under a Florida statute,[2] in violation of Articles 128 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928, 934 (2000).  The adjudged and approved sentence included a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.  The United States Air Force Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.  United States v. Bean, No. ACM 35422, 2004 CCA LEXIS 223, 2004 WL 2191259 (A.F. Ct. Crim. App. Sept. 15, 2004).  We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN REFUSING TO
> INSTRUCT THE MEMBERS THAT SIMPLE ASSAULT WAS A

---

[1] In relevant part, these specifications read as follows:

> In that SENIOR AIRMAN MICHAEL R. BEAN, United States Air Force, . . . did, at or near Tampa, Florida, on or about 24 April 2002, commit an assault upon [each victim] by pointing at him, a dangerous weapon likely to produce death or grievous harm, to wit:  a loaded firearm.

[2] At the time of trial, Fla. Stat. § 790.10, assimilated into federal law by 18 U.S.C. § 13 (2000), read in relevant part as follows:

> 790.10.  Improper exhibition of dangerous weapons or firearms.
>
> If any person having or carrying any dirk, sword, sword cane, firearm, electric weapon or device, or other weapon shall, in the presence of one or more persons, exhibit the same in a rude, careless, angry, or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first degree . . . .

LESSER-INCLUDED OFFENSE OF AGGRAVATED ASSAULT WITH
A DANGEROUS WEAPON.

BACKGROUND

On April 23, 2002, Appellant went to a local bar with a group of friends that included Staff Sergeant (SSgt) Warner, SSgt Archer and Senior Airman Hovancik. Witnesses testified that Appellant had a number of drinks and, at some point, his speech became incoherent and he began stumbling and running into people on the dance floor. After several hours, the group left the bar around 2:00 a.m. In the parking lot, Appellant's friends became concerned that he was drunk and offered to drive him home. As the attempt to persuade Appellant not to drive continued, Appellant and Warner exchanged angry words. Appellant then produced a knife, opened the blade and held it down along his side. At that point, Archer and Hovancik intervened, and the three wrestled Appellant to the ground and took control of the knife and Appellant's keys. When it appeared that Appellant had calmed down, the three released him and allowed him to stand. Appellant immediately opened his car door, retrieved a .45 caliber handgun and assumed the "Weaver Stance."[3] He first pointed the weapon at Hovancik, then Warner, and then at Archer. Hovancik testified that Appellant said,

---

[3] In the 1950s a Los Angeles County deputy sheriff named Jack Weaver developed this two-handed shooting stance that bears his name. The Weaver Stance, http://www.weaverstance.com (last visited Dec. 22, 2005). SSgt Warner testified that as a member of a Security Forces unit he had been trained to assume this stance when firing a handgun.

"[g]et out of my face or I'll kill you." While the weapon was pointed at Archer, Archer grabbed it with his left hand and struck Appellant in the face with his right hand. As the two fell to the ground, Archer wrested the weapon from Appellant. Archer later testified that at the time he took the weapon, the hammer was "all the way back" and the safety was off. He further testified that when he placed the weapon in Warner's trunk, he pulled the weapon's slide to the rear to clear it and noticed there was one round in the chamber and several in the magazine.

At trial, Appellant admitted that the weapon was loaded but insisted that the safety was engaged. He also stated he did not remember some of the events because "[he] was more intoxicated that night than [he had] ever been in [his] life."

Based upon Appellant's testimony regarding the safety, defense counsel requested an instruction on the lesser included offense of simple assault. Counsel argued that if the members found that the safety was engaged, they might also find that the weapon could not fire. The military judge denied the request as follows:

> MJ: It being an offer, I don't think it matters.
> It's an offer, not an attempt. The firearm could have
> been totally nonfunctional, in fact. With an offer,
> it doesn't matter. I'm not sure that there's a
> scintilla of evidence for a simple -- if there was any
> evidence whatsoever I'd give an instruction. But, I

4

don't see any evidence whatsoever in Specs 1 through 3 concerning a simple assault.

### DISCUSSION

Appellant renews his argument before this Court that the evidence reasonably raised a question as to whether or not the safety was engaged when he pointed his firearm. As a result, Appellant argues, he was entitled to an instruction on the lesser included offense of simple assault, because a reasonable panel could have found, as a matter of law, that pointing a loaded, operable firearm at another with the safety engaged is not using the firearm "in a manner likely to produce death or grievous bodily harm."[4] Appellant seeks support from this Court's decision in United States v. Davis, 47 M.J. 484 (C.A.A.F. 1998). In that case, we held that "an unloaded pistol

---

[4] The elements for aggravated assault with a loaded firearm are:

    (i)     That the accused attempted to do, offered to do, or did bodily harm to a certain person;
    (ii)   That the accused did so with a certain weapon, means, or force;
    (iii) That the attempt, offer, or bodily harm was done with unlawful force or violence;
    (iv)  That the weapon, means, or force was used in a manner likely to produce death or grievous bodily harm; and
    (v)   That the weapon was a loaded firearm.

MCM pt. IV, para. 54.b.(4)(a)(i)-(v).

The elements of simple assault are:

    (i)     That the accused attempted or offered to do bodily harm to a certain person; and
    (ii)   That the attempt or offer was done with unlawful force or violence.

MCM pt. IV, para. 54.b.(1)(a)-(b).

is not a dangerous weapon under the President's interpretation of Article 128." Id. at 486.

We review allegations of error involving mandatory instructions de novo. United States v. Forbes, 61 M.J. 354, 357 (C.A.A.F. 2005); United States v. Smith, 50 M.J. 451, 455 (1999). "'[T]he military judge has a duty to instruct sua sponte on all lesser-included offenses reasonably raised by the evidence.'" United States v. Griffin, 50 M.J. 480, 481 (C.A.A.F. 1999)(quoting United States v. Rodwell, 20 M.J. 264, 265 (C.M.A. 1985)). An accused is entitled to have a court-martial consider all reasonable alternatives to guilt. Smith, 50 M.J. at 455 (citing United States v. Clark, 22 M.J. 576, 580 (C.M.A. 1973)). Toward this end, as long as an accused can show "some evidence" that "reasonably raises" the applicability of a lesser included offense, the military judge must instruct the panel on that lesser included offense. United States v. Davis, 53 M.J. 202, 205 (C.A.A.F. 2000). Evidence "reasonably raises" a lesser included offense if it could cause members to "attach credit" or rely upon it if they so choose. Id. Finally, "any doubt whether the evidence is sufficient to raise the need to instruct on a lesser-included offense must be resolved in favor of the accused." Rodwell, 20 M.J. at 267.

Appellant is correct that whether he used a loaded firearm in a manner likely to produce death or grievous bodily harm was

a question for the members to determine.  Similarly, Appellant is correct in stating that his conviction cannot stand if no rational trier of fact could find beyond a reasonable doubt that he used the firearm in such a manner.  United States v. Turner, 25 M.J. 324 (C.M.A. 1987).  He is also correct in stating that if a firearm were not functional a conviction for aggravated assault could not stand.[5]  However, it does not necessarily follow that as a result he was entitled to an instruction on the lesser included offense of simple assault.  That depends on whether some evidence reasonably raised the lesser included offense.

The evidence indicates the following.  Appellant was drunk and claimed he could not remember all the events in question.  He threatened his associates with a knife when they sought to dissuade, and then prevent, him from driving.  Appellant obtained a .45 caliber weapon from his vehicle, assumed a "Weaver Stance" and aimed the weapon at three servicemen.  Appellant conceded that the weapon was loaded, but testified that the safety was on during the altercation.  One witness

---

[5] In this regard, the military judge's statement that "the firearm could have been totally nonfunctional" is an incorrect statement of the law.  However, any error on the military judge's part was harmless.  Appellant did not contest that the weapon was functional and there is no evidence in the record suggesting that it was, or might have been, nonfunctional.  Further, consistent with our case law, the military judge stated, "if there was any evidence whatsoever [in support of the lesser included offense] I'd give an instruction."

testified that when the weapon was seized from Appellant, the safety was off and a round was chambered.

Appellant has cited no authority, nor have we identified authority, supporting the view that engaging the safety of a loaded, operable firearm while pointing it at another, as a matter of law, removes or might remove its character as a dangerous weapon.  Moreover, the Manual for Courts-Martial, United States (2005 ed.)(MCM), supports a counter conclusion. MCM pt. IV, para. 54.e.(1) sets out the maximum punishment for simple assault and contains two parts.[6]  Generally for simple assault, subsection (A) sets the maximum punishment at confinement for three months and forfeiture of two-thirds pay per month for three months.  Subsection (B), which is specific to a simple assault committed with an unloaded firearm, sets a maximum punishment of confinement for three years, forfeiture of all pay and allowances, and a dishonorable discharge.  The analysis for this provision states:  "Threatening a person with an unloaded firearm places the victim of the assault in fear of losing his or her life.  Such a traumatic experience is a far

---

[6] (1) Simple Assault.

    (A) Generally.  Confinement for 3 months and forfeiture of two-thirds pay per month for 3 months.

    (B) When committed with an unloaded firearm.  Dishonorable discharge, forfeiture of all pay and allowances, and confinement for 3 years.

MCM pt. IV, para. 54.e.(1).

8

greater injury to the victim than that sustained in the course of a typical simple assault." MCM, Analysis of Punitive Articles, app. 23 at A23-16. Common sense supports the same conclusion in this case.

Based on the law and the facts of this case, Appellant was not entitled to an instruction on simple assault. In sum, where the evidence shows that an intoxicated accused pointed a loaded firearm at others, having first threatened the others verbally and with a knife, and having assumed a firing position, the lesser included offense of simple assault is not reasonably raised, whether the firearm's safety is engaged or not.

## DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.