UNITED STATES, Appellee

v.

Jose C. MIERGRIMADO, Corporal
U.S. Marine Corps, Appellant

No. 07-0436

Crim. App. No. 200501128

United States Court of Appeals for the Armed Forces

Argued December 11, 2007

Decided February 20, 2008

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER, STUCKY, and RYAN, JJ., joined.

Counsel


For Appellant:  J. W. Carver, Esq. (argued).

For Appellee:  Captain Roger E. Mattioli, USMC (argued);
Commander Paul C. LeBlanc, JAGC, USN (on brief).

Military Judge:  R. S. Chester


**This opinion is subject to revision before final publication.**

United States v. Miergrimado, No. 07-0436/MC

Judge ERDMANN delivered the opinion of the court.

Corporal Jose Miergrimado was charged with attempted premeditated murder. He entered a plea of not guilty and was tried before a general court-martial comprised of officer members. The military judge instructed, over defense objection, on the lesser included offenses of attempted unpremeditated murder, attempted voluntary manslaughter, and aggravated assault with intent to commit grievous bodily harm with a loaded firearm.

The members found Miergrimado not guilty of attempted premeditated murder but guilty of the lesser included offense of attempted voluntary manslaughter. He was sentenced to reduction to E-1, forfeiture of all pay and allowances, confinement for six years, and a dishonorable discharge. The United States Navy-Marine Corps Court of Criminal Appeals affirmed. United States v. Miergrimado, No. NMCCA 200501128, 2007 CCA LEXIS 60, at *10, 2007 WL 1702510, at *4 (N-M. Ct. Crim. App. Feb. 22, 2007) (unpublished).

We granted review to consider whether the military judge committed error by instructing the members on the lesser included offense of attempted voluntary manslaughter over the defense objection. 65 M.J. 324 (C.A.A.F. 2007). We hold that the military judge did not err and affirm the decision of the Court of Criminal Appeals.

2

BACKGROUND

While Miergrimado's unit was located in Kuwait awaiting redeployment to the United States, he and Corporal Steven Eichenberger engaged in a heated exchange over keys to a military vehicle. Miergrimado wanted the keys to the vehicle to retrieve an item. Eichenberger was safeguarding the keys and refused to release them. Following this initial verbal exchange, Miergrimado returned with his sergeant who directed Eichenberger to give Miergrimado the keys. A second verbal exchange between the two escalated into a physical confrontation which was broken up by other Marines. Miergrimado left with the keys and when he returned them a short time later, another verbal and physical confrontation ensued. This altercation ended when Miergrimado shot Eichenberger in the neck with his rifle. Eichenberger sustained life-threatening injuries but intervening medical care saved his life.

Miergrimado was charged with attempted premeditated murder. At trial, defense counsel intended to use an "all or nothing" strategy based on a theory of self-defense. During the trial the defense counsel objected when the trial counsel tried to elicit information from a witness that went to the lesser included offense of attempted unpremeditated murder. Defense counsel argued that the defense had opted for an "all or nothing" defense and would waive any instructions on lesser

included offenses.  Under these circumstances, defense counsel argued, it was inappropriate for the members to be instructed on a lesser included offense.  Following further argument the military judge indicated that he would instruct on lesser included offenses and overruled the objection.

At the close of the evidence, after noting the defense objection, the military judge instructed on attempted premeditated murder and the lesser included offenses of attempted unpremeditated murder, attempted voluntary manslaughter, and aggravated assault with intent to commit grievous bodily harm with a loaded firearm.  The members found Miergrimado not guilty of the greater offense of attempted premeditated murder but guilty of the lesser included offense of attempted voluntary manslaughter.

On appeal to the Court of Criminal Appeals, Miergrimado unsuccessfully argued, inter alia, that it was error for the military judge to instruct on the lesser included offense of attempted voluntary manslaughter.  Miergrimado, 2007 CCA LEXIS 60, at *2, 2007 WL 1702510, at *1.  Miergrimado has renewed that contention before this court.

Miergrimado has not, however, renewed his contention from the trial level that instructions on lesser included offenses are inappropriate when defense opts for an "all or nothing" strategy and waives such instructions.  Rather, in his brief

4

United States v. Miergrimado, No. 07-0436/MC

before this court, Miergrimado argued that the lesser included offense instruction was given in error because there is no factual element in dispute that would distinguish the greater offense of attempted premeditated murder from the lesser offense of attempted voluntary manslaughter. At oral argument Miergrimado changed course again, contending that there is insufficient evidence as a matter of law to support the finding that the crime was committed "in the heat of sudden passion caused by adequate provocation," which distinguishes voluntary manslaughter from murder under Manual for Courts-Martial, United States pt. IV, para. 44.c. (2005 ed.) (MCM).

In response, the Government argued that premeditation is the disputed factual element distinguishing the greater offense from the lesser offense at issue. The Government also summarized evidence from the record in an effort to establish the legal sufficiency of the finding of guilty as to attempted voluntary manslaughter.

ANALYSIS

A military judge has a sua sponte duty to instruct the members on lesser included offenses reasonably raised by the evidence. See, e.g., United States v. Bean, 62 M.J. 264, 266 (C.A.A.F. 2005) (citing United States v. Griffin, 50 M.J. 480, 481 (C.A.A.F. 1999)); see also Rule for Courts-Martial (R.C.M.) 920(e)(3). However, consistent with the standard set out in

5

Sansone v. United States, 380 U.S. 343, 350 (1965), this court has long recognized that a military judge can only instruct on a lesser included offense where the greater offense requires the members to find a disputed factual element which is not required for conviction of the lesser violation. See, e.g., Griffin, 50 M.J. at 482; United States v. Jackson, 12 M.J. 163, 167 (C.M.A. 1981); see also R.C.M. 920(e) Discussion.

Cases that call on an appellate court to apply the Sansone standard appear to arise more commonly in the context of an accused's contention that the judge committed error by failing to include a lesser included offense instruction. See, e.g., Griffin, 50 M.J. at 481-82; United States v. Finley, 477 F.3d 250, 255-258 (5th Cir. 2007); United States v. Gonzalez, 122 F.3d 1383, 1388 (11th Cir. 1997). We find that the Sansone standard is appropriate in the context presented in this case, where a lesser included offense instruction desired by the Government was submitted to the members over defense objection. See United States v. Harary, 457 F.2d 471, 478 (2d Cir. 1972).[1]

---

[1] This court has previously applied the Sansone standard in at least two cases involving an accused's contention that the lesser included offense instruction was given in error over the accused's objection. See United States v. Emmons, 31 M.J. 108, 110-11 (C.M.A. 1990); United States v. Waldron, 11 M.J. 36, 37 (C.M.A. 1981). In neither case, however, did a majority of the three-judge court join the lead opinion. To the extent these cases left open any question about whether Sansone applies in these circumstances, we resolve that question here and make clear that the standard applies.

This is in keeping with the principle that an instruction on a lesser included offense may appropriately be requested by either the government or the defense. Cf. United States v. Wells, 52 M.J. 126, 129 (C.A.A.F. 1999) (commenting that this principle is well established in federal courts) (citation and quotation marks omitted); see also R.C.M. 920(c) (providing that "any party may request that the military judge instruct the members on the law as set forth in the request").

With this backdrop, we first consider whether there is a disputed factual element that distinguishes the greater offense of attempted premeditated murder from the lesser offense of attempted voluntary manslaughter. This issue presents a question of law that we review de novo. See United States v. Schroder, 65 M.J. 49, 54 (C.A.A.F. 2007) (noting that whether the members were properly instructed is a question of law that this court reviews de novo).

To sustain a conviction for attempted premeditated murder, the Government must prove that "at the time of the killing, the accused had a premeditated design to kill." MCM pt. IV, para. 43.b.(1)(d). "Premeditated murder is murder committed after the formation of a specific intent to kill someone and consideration of the act intended." Id. at para 43.c.(2)(a). The offense of voluntary manslaughter, on the other hand, requires the "intent to kill or inflict great bodily harm," and does not require

premeditation.  Id. at para. 44.b.(d).  We agree with the Government that premeditation is a distinguishing factual element.

We also have no difficulty concluding that the premeditated design to kill Eichenberger at the time of the shooting was a disputed element at trial.  After the Government rested, defense counsel unsuccessfully moved for a finding of not guilty on the charged offense, arguing that the Government had not produced any substantial evidence to establish the element of premeditation.  The defense counsel further argued, "This case might be an attempted voluntary manslaughter but it clearly isn't an attempted premeditated murder."  Indeed, in his brief before this court Miergrimado concedes that premeditation was one of three contested elements in this case.

Nor do we see merit to Miergrimado's contention at oral argument that as a matter of law, the evidence is legally insufficient to support a finding that the crime was committed "in the heat of sudden passion caused by adequate provocation." MCM pt. IV, para. 44.c.(1)(a).  In considering this contention, we view the evidence in the light most favorable to the prosecution and decide whether any rational trier of fact could have found this essential element beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); United States v. Brown, 65 M.J. 227, 229 (C.A.A.F. 2007).

United States v. Miergrimado, No. 07-0436/MC

The MCM provides, inter alia, that "heat of passion" may result from fear or rage. MCM pt. IV, para. 44.c.(1)(a). The provocation must be adequate to excite uncontrollable passion in a reasonable person and the act of killing must be committed under and because of that passion. Id. at para. 44.c.(1)(b). Although the MCM does not allow a "slight blow with the hand or fist" to serve as adequate provocation, it does explain that in certain circumstances the "unlawful infliction of great bodily harm" may constitute adequate provocation. Id.

Testimony from both Miergrimado and Eichenberger established that the two were insulting and swearing at each other before and during the fight. According to Miergrimado's testimony, towards the end of the fight, he felt a "hard hit." Miergrimado testified that he had never been hit that hard in his life and that he was "terrified for [his] life." At that point, he "automatically switched" into "sort of a preservation mode" and he raised his weapon and pointed it at Eichenberger. After Eichenberger pushed the rifle away and gave him "another hard throw," Miergrimado regained his balance, saw Eichenberger coming at him, raised his weapon and shot. Viewing all of the evidence in the light most favorable to the Government, we believe that a reasonable trier of fact could find beyond a reasonable doubt that the crime was committed in the heat of sudden passion caused by adequate provocation.

United States v. Miergrimado, No. 07-0436/MC

In addition to these specific legal arguments, Miergrimado's brief also complains that he was convicted of an offense for which he was not charged. The brief asserts that defense counsel was unable to address the offense of attempted voluntary manslaughter during opening statement or closing argument or to discover and present evidence on it. The brief also contends that Miergrimado had no reason to contest the offense of attempted voluntary manslaughter during his own testimony. We find these assertions unfounded.

Article 79, UCMJ, 10 U.S.C. § 879 (2000), which provides that an accused may be found guilty of an offense necessarily included in the offense charged, puts a defense attorney on notice that a lesser included offense instruction may be given. See also United States v. Stolarz, 550 F.2d 488, 492 (9th Cir. 1977) (recognizing that Fed. R. Crim. P. 31(c), the federal civilian equivalent of Article 79, UCMJ, gives notice of a lesser included offense instruction). Miergrimado has not claimed that attempted voluntary manslaughter is not a lesser included offense of attempted premeditated murder, nor do we believe that such a claim would have merit in this case. See MCM pt. IV, para. 43.d.(3)(b) (listing voluntary manslaughter as a lesser included offense of unpremeditated murder); MCM pt. IV, para. 4.d. (explaining what offenses ordinarily constitute

10

United States v. Miergrimado, No. 07-0436/MC

lesser included offenses for charges brought under Article 80,
UCMJ, 10 U.S.C. § 880 (2000)).[2]

Furthermore, after the military judge made it clear that he
intended to instruct on lesser included offenses during the
Government's case-in-chief and prior to Miergrimado's testimony,
he gave defense counsel the option to continue the case for
several days. The military judge was concerned that defense
counsel had mistakenly based his "all or nothing" trial strategy
on the belief that the military judge would not instruct on
lesser included offenses.

The defense counsel accepted the additional time. The
military judge told the members that it was the military judge
who needed the continuance and any frustration about it should
be focused toward him and not directed at either party. In this
legal and factual context, we have no concerns that Miergrimado
was provided fair notice and adequate opportunity to defend on
the lesser included offense of attempted voluntary manslaughter.

DECISION

The decision of the United States Navy-Marine Corps Court
of Criminal Appeals is affirmed.

---

[2] During oral argument, however, appellate defense counsel
contended that this court should not recognize attempted
voluntary manslaughter as a legally cognizable offense. We do
not agree. See United States v. Jackson, 6 M.J. 261, 262-63
(C.M.A. 1979).