# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class JOHNNY F. PROTHRO**
**United States Army, Appellant**

ARMY 20110331

Headquarters, United States Army Maneuver Center of Excellence
Stephen E. Castlen, Military Judge
Colonel Mary M. Foreman, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Captain Catherine L. Brantley, JA; Captain Edward J. Whitford, JA (on brief).

29 March 2013

-------------------------------------
SUMMARY DISPOSITION
-------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of violating a lawful general regulation, one specification of adultery, and three specifications of dishonorably failing to pay a debt in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 (2006) [hereinafter UCMJ].  Contrary to his pleas, a panel of officer and enlisted members sitting as a general-court martial, convicted appellant of one specification of wrongful sexual contact and one specification of abusive sexual contact each in violation of Article 120, UCMJ.  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for nine months, and a reprimand.

This case is before us for review under Article 66, UCMJ.  Appellant raises four assignments of error to this court.  Appellant's first assignment of error merits discussion but no relief.  His remaining assignments of error, along with the matters he personally raises pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

**BACKGROUND**

In July 2010, Officer Candidate (OC) SB reported for duty at the staff-duty desk. Appellant was serving as the staff-duty noncommissioned officer (NCO) and informed OC SB "he needed to show [her] another part of her duty." Appellant led OC SB down a hallway to a supply closet. Officer Candidate SB entered the closet, followed by appellant who shut the door behind him. The closet was cramped and OC SB was backed up against some wall lockers. After showing OC SB the mops, appellant moved towards OC SB and without her consent put his hand inside her uniform pants and touched her vagina through her underwear. After appellant touched OC SB without her consent, appellant then asked OC SB if she wanted to touch him to which she replied no. Appellant then stated he "needed to know that I [OC SB] wasn't going to tell anybody and that I [OC SB] should touch him." Appellant was between OC SB and the door. Out of fear that appellant would do something worse than he already had or become violent, OC SB touched appellant's penis through his pants with a sweeping motion and immediately moved past appellant out of the closet.

As a result of this incident, appellant was charged with wrongful sexual contact for touching OC SB's vagina and abusive sexual contact caused by fear for forcing her to touch his penis. Specification 2 of The Charge alleged appellant:

> [a]t or near Ft. Benning, GA, on 12 July 2010, caused sexual contact with or by [OC SB], to wit: forcing her to touch his penis over his clothing by placing her in fear of bodily harm.

At trial, OC SB testified she touched appellant's penis, but only did so out of fear. Prior to the presentation of evidence, both the government and defense informed the military judge that they did not believe any lesser-included offenses would be raised by the evidence and requested that no instructions on any lesser-included offenses be given. Following presentation of the evidence, both the government and the defense informed the military judge that they believed no lesser-included offenses had been raised by the evidence and they did not want instructions on any lesser-included offenses. The military judge ultimately did not instruct on any lesser-included offenses.

For the first time on appeal, appellant now contends the military judge committed prejudicial error by allowing the defense's "all or nothing" strategy and failing to instruct the panel on wrongful sexual contact as a lesser-included offense of abusive sexual contact caused by fear because it was reasonably raised by the evidence.

**LAW AND DISCUSSION**

"Whether an offense is a lesser included offense is a question of law we review *de novo*." *United States v. Miller,* 67 M.J. 385, 387 (C.A.A.F. 2009).

Article 79, UCMJ, provides, "an accused may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein." To determine whether an offense is necessarily included requires a comparison of the elements of the two offenses. *Schmuck v. United States,* 489 U.S. 705, 716 (1989). One offense is "necessarily included" in another if the elements of the lesser offense are a subset of the elements of the charged offense. *Id.* at 716. In other words, it "must be such that it is impossible to commit the greater without first having committed the lesser." *Id.* at 719.

Applying the elements test in this case, wrongful sexual contact is not necessarily included within the offense of abusive sexual contact. "Without the other person's permission" is an element of wrongful sexual contact, whereas consent, permission, or lack thereof is not an element of abusive sexual contact. *See United States v. Neal*, 68 M.J. 289, 300 (under the new Article 120, UCMJ, lack of consent is no longer an element of rape and its related offenses); *MCM*, pt. IV, ¶ 45.b.(8)(a); *MCM*, part IV, ¶ 45.b.(13). If causation by fear is not proven beyond a reasonable doubt, it does not follow that a lack of permission has been necessarily determined. Stated another way, without a finding that OC SB touched appellant because of her fear, some other theory would have to support a separate determination of the element of "without the other person's permission." In this case, wrongful sexual contact does not qualify as a lesser-included offense because that offense requires an element not required for the greater offense of abusive sexual contact caused solely by fear. *See Jones*, 68 M.J. at 470. Accordingly, the military judge did not err by failing to instruct on wrongful sexual contact as a lesser-included offense of abusive sexual contact.

Further, even assuming wrongful sexual contact could be considered a lesser-included offense of abusive sexual contact caused by fear, it was not reasonably raised by the evidence. "[T]he military judge has a duty to instruct *sua sponte* on all lesser-included offenses reasonably raised by the evidence." *United States v. Griffin*, 50 M.J. 480, 481 (C.A.A.F. 1999). Our superior court has held that "instructions on lesser included offenses are required unless affirmatively waived by the defense." *United States v. Strachan,* 35 M.J. 362, 364 (C.M.A. 1992). "An instruction on a lesser included offense is [only] proper when an element from the charged offense which distinguishes that offense from the lesser offense is in dispute." *Griffin*, 50 M.J. at 481 (citing Rule for Courts-Martial [hereinafter R.C.M.] 920(e)(2) discussion); *See also United States v. Miergrimado*, 66 M.J. 34, 36 (C.A.A.F. 2008).

At trial, OC SB testified she intentionally reached out and touched appellant's clothed penis out of fear the situation would escalate and appellant would become "violent or done something more sexually aggressive." The evidence presented at trial did not raise any other criminal theory as to how appellant caused OC SB to reach out and touch his penis. While it is possible to have a situation where the occurrence of a sexual act is caused without consent but not through fear, such a scenario was not charged or raised through the evidence in this case. In this case, the offense of abusive sexual contact did not require "the jury to find a *disputed* factual element which [was] not required for conviction of the lesser included offense" because both offenses would have been predicated on OC SB acting out of fear. *United States v. Jackson,* 12 M.J. 163, 167 (C.M.A. 1981) (quoting *Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965)). As such, the military did not err.

## CONCLUSION

On consideration of the entire record, the assignments of error noted by the parties, and the allegations raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

KENNETH J. TOZZI
COL, JA
Acting Clerk of Court