UNITED STATES, Appellee

v.

Christopher M. UPHAM, Lieutenant
U.S. Coast Guard, Appellant

No. 07-0322

Crim. App. No. 1235

United States Court of Appeals for the Armed Forces

Argued January 14, 2008

Decided March 3, 2008

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


<u>Counsel</u>

For Appellant:  <u>Frank J. Spinner</u>, Esq. (argued); <u>Lieutenant
Robert M. Pirone</u> (on brief); <u>Lieutenant Commander Nancy J.
Truax</u>.

For Appellee:  <u>Lieutenant Ronald B. Seely</u> (argued); <u>Lieutenant
Commander P. M. Flynn</u>.



Military Judge:  Sharon Fijalka (arraignment); John W. Rolph
(trial)



<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**</u>

Chief Judge EFFRON delivered the opinion of the Court.

Appellant was charged with two offenses based on engaging in unprotected sexual intercourse with a fellow officer without informing her that he was infected with the Human Immunodeficiency Virus (HIV):  aggravated assault, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928 (2000), and conduct unbecoming an officer and a gentleman, in violation of Article 133, UCMJ, 10 U.S.C. § 933 (2000).  At a general court-martial composed of officer members, Appellant entered a plea of guilty to the conduct unbecoming an officer and a gentleman charge and contested the aggravated assault charge.  He was convicted of both charges.  The sentence adjudged by the court-martial and approved by the convening authority included dismissal, confinement for nine months, and forfeiture of all pay and allowances.

The United States Coast Guard Court of Criminal Appeals affirmed the conviction for conduct unbecoming an officer and a gentleman, disapproved the conviction for aggravated assault, affirmed a conviction for the lesser included offense of assault consummated by a battery, reduced the period of confinement to four months, and affirmed the balance of the sentence.  United States v. Upham, 64 M.J. 547, 551-52 (C.G. Ct. Crim. App. 2006).

On Appellant's petition, we granted review of the following issues:

    I.  WHETHER THE COAST GUARD COURT OF CRIMINAL APPEALS ERRED IN APPLYING A CHAPMAN-TYPE HARMLESS-ERROR ANALYSIS AS OPPOSED TO A STRUCTURAL-TYPE ERROR ANALYSIS AFTER IT CONCLUDED THAT THE MILITARY JUDGE COMMITTED AN ERROR OF CONSTITUTIONAL DIMENSION WHEN HE INSTRUCTED THE MEMBERS THAT A PERSON WHO HAS ENGAGED IN UNINFORMED AND UNPROTECTED SEXUAL INTERCOURSE WHILE HIV POSITIVE HAS COMMITTED AN OFFENSIVE TOUCHING.

    II.  WHETHER, AFTER THE COAST GUARD COURT OF CRIMINAL APPEALS SET ASIDE A CONVICTION OF THE GREATER OFFENSE OF AGGRAVATED ASSAULT, THE COURT WAS PROHIBITED FROM AFFIRMING A CONVICTION OF THE LESSER INCLUDED OFFENSE OF ASSAULT CONSUMMATED BY A BATTERY WHERE BOTH PARTIES HAD AFFIRMATIVELY WAIVED ANY INSTRUCTION ON THE LESSER INCLUDED OFFENSE AND THE MILITARY JUDGE DID NOT INSTRUCT THE MEMBERS ON THE LESSER INCLUDED OFFENSE.

For the reasons set forth below, we affirm the decision of the United States Coast Guard Court of Criminal Appeals.


## I.  BACKGROUND

### A.  TRIAL PROCEEDINGS

The contested aggravated assault charge alleged that Appellant committed "an assault upon a female by wrongfully having unprotected vaginal intercourse with a means likely to produce death or grievous bodily harm, to wit:  unprotected vaginal intercourse while knowing he was infected with the Human Immunodeficiency Virus."  At trial, the prosecution introduced evidence that Appellant was HIV-positive, that military physicians informed him in writing that he could transmit the

virus through sexual contact, and that he had sexual intercourse with CPT B on two occasions without informing her of his HIV-positive status. Medical testimony at trial established the effects of HIV infection on the body and various negative side effects of treatment, as well as the long-term prognosis for those infected with HIV.

Appellant testified in his own defense. He stated that he had been diagnosed with HIV several years earlier, that he had been counseled in writing about the general risks of unprotected sexual intercourse, that he twice engaged in unprotected sex with CPT B, and that he did not inform CPT B of his HIV-positive status. He acknowledged that he did not have a justification or excuse for engaging in sexual intercourse with CPT B without informing her of his medical status. He further acknowledged that his actions had caused CPT B great mental anguish, stating, "[s]he went through the entire ordeal of going to an emergency room and getting a test and talking with an HIV doctor. . . . she had to go through that and it's a terrible thing."

In the course of his testimony, Appellant denied that he had committed an assault with a "means likely to produce death or grievous bodily harm." He testified that his "viral load," which refers to the number of virions per cubic milliliter in his blood, was so low as to be "undetectable." He testified that he experienced no symptoms or limitations as a result of

4

his HIV infection.  Appellant admitted that "there was not a zero risk of transmission," but testified that he did not believe that he had exposed CPT B to a fatal disease:  "I do not believe that she was going to be infected."

At the close of the evidence, the military judge discussed proposed instructions on findings with the parties.  The military judge asked the parties whether they wanted him to instruct the members on the lesser included offense of assault consummated by a battery.  Both parties agreed to waive instruction on the lesser included offense and proceed with instructions only on the charged offense, aggravated assault.

The military judge instructed the members on the elements of aggravated assault, including the two elements at issue in the present appeal -- "offensive touching" and use of a means "likely to produce death or grievous bodily harm."  See Manual for Courts-Martial, United States pt. IV, para. 54.c.(1)(a), (4)(a) (2005 ed.) (MCM).  The military judge's instruction included the following:

> You are advised that a person who engages in
> unprotected sexual intercourse with another person,
> knowing that he is HIV positive, without informing his
> sexual partner that [he has] HIV and without using a
> condom has committed an offensive touching of that
> person.  Also a person who willfully and deliberately
> exposes a person to seminal fluid containing HIV
> without informing that person of his HIV positive
> status and without using a condom has acted in a
> manner likely to produce death or grievous bodily
> harm.

5

Defense counsel objected on the grounds that "these instructions say that [Appellant] is per se guilty of aggravated assault." The military judge overruled the objection, and said that the instruction "accurately state[s] the law that exist[s] today."

### B. APPELLATE CONSIDERATION

On appeal, the Court of Criminal Appeals concluded that the military judge erred in instructing the members on the aggravated assault charge, holding that the instructions quoted above on the elements of "offensive touching" and "means likely to result in death or grievous bodily harm" improperly removed these issues from consideration by the panel members. Upham, 64 M.J. at 550. The court tested these errors for prejudice, and concluded that the error was prejudicial as to the aggravated assault charge: "Given the medical evidence, it is not inconceivable that the court could have had a reasonable doubt on whether the means employed was likely to produce death or grievous bodily harm." Id.

The court next considered whether a conviction could be affirmed for the lesser included offense of assault consummated by a battery. Id. The court first observed that the absence of instructions on the lesser included offense at trial did not preclude the court from considering whether a lesser included offense could be approved on appeal. Id.; see MCM pt. IV, para.

6

54.c.(1)(a), (4)(a) (setting forth "offensive touching" as an element common to both aggravated assault and assault consummated by a battery). Next, the court concluded that the erroneous instruction on "offensive touching" was not prejudicial as to the lesser included offense on the theory that it was "clear beyond a reasonable doubt that a rational court would have found that Appellant committed an offensive touching absent the [erroneous] instruction." Id. at 550-51. Based on the conclusion that the erroneous instruction was not prejudicial as to the element of offensive touching, the court affirmed a conviction for the lesser offense of assault consummated by a battery. Id. at 551.

## II. DISCUSSION

On appeal to this Court, neither party has questioned the rulings of the court below with respect to the conclusion that the military judge provided erroneous instructions as to the elements of "offensive touching" and "means likely to result in death or grievous bodily harm"; nor do the parties question the decision of the court below to disapprove the conviction for the offense of aggravated assault. The granted issues concern whether the court below, in the context of those rulings and the circumstances of this case, could approve a conviction for the lesser included offense of assault consummated by a battery. In

the first granted issue, Appellant contends that the lower court erred because the military judge's erroneous instructions constituted a structural error requiring reversal without testing for harmlessness.  In the second granted issue, Appellant contends that even if the error was not structural, the court below was precluded from affirming a conviction for a lesser included offense where both parties expressly waived an instruction as to that lesser offense at trial.

   A.  EVALUATION OF CONSTITUTIONAL ERROR IN INSTRUCTIONS

   Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000), states:  "A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."  For most constitutional errors at trial, we apply the harmless error test set forth in Chapman v. California, 386 U.S. 18 (1967), to determine whether the error is harmless beyond a reasonable doubt.  See United States v. Moran, 65 M.J. 178, 187 (C.A.A.F. 2007).  We apply the Supreme Court's structural error analysis, requiring mandatory reversal, when the error affects "the framework within which the trial proceeds, rather than simply an error in the trial process itself."  Arizona v. Fulminante, 499 U.S. 279, 310 (1991); see generally United States v. Meek, 44 M.J. 1, 6 (C.A.A.F. 1996) (discussing per se reversal rule).

United States v. Upham, No. 07-0322/CG

The Supreme Court has held that an instructional error as to the elements of an offense should be tested for harmlessness, and should not be treated as a structural error. Neder v. United States, 527 U.S. 1, 13-15 (1999). In Neder, the trial court did not instruct on materiality, an element of the charged offense. Id. at 6. In the course of concluding that the instructional error could be tested for harmlessness, the Court observed that harmless error analysis can be applied not only to omitted instructions, but also to instructions that are defective because they incorrectly describe elements or presume elements. Id. at 9-10; see also Carella v. California, 491 U.S. 263, 266-67 (1989) (per curiam) (applying harmless error analysis to mandatory conclusive presumption).

In the application of the harmlessness standard in Neder, the Supreme Court relied on two factors in concluding that the error was harmless beyond a reasonable doubt under Chapman: (1) the element was uncontested; and (2) the element was supported by overwhelming evidence. Neder, 527 U.S. at 17. The Court held, "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." Id.

9

With respect to the offense of assault consummated by battery, the instructional error in this case, like the error in Neder, involves one element of the offense.  The military judge's instruction improperly directed the members to presume the element of "offensive touching" if they found proof of certain predicate facts.  See id. at 10.  The instruction did not remove the burden on the Government to prove the predicate facts beyond a reasonable doubt.  In that context, the presumption was not so intrinsically harmful as to require automatic reversal.  See Carella, 491 U.S. at 266; Rose v. Clark, 478 U.S. 570, 580 (1986).  As such, the erroneous instruction was subject to a harmlessness test under Neder.

When an erroneous instruction raises constitutional error, Neder requires a reviewing court to assess two factors:  whether the matter was contested, and whether the element at issue was established by overwhelming evidence.  In the present case, the Court of Criminal Appeals weighed the evidence regarding the "offensive touching" element, but did not expressly address whether Appellant contested that element at trial.  Under the circumstances of the present case, this is a question of law that may be resolved by this Court.  At trial, Appellant did not contest the element of offensive touching.  On the contrary, he acknowledged that he had no justification for engaging in unprotected sex with CPT B without informing her of his HIV

status, and that his actions caused her great mental anguish.

The defense contested the issues pertinent to aggravated

assault, not the offensive touching aspects of assault

consummated by a battery.  Accordingly, we may affirm the

conviction of the lesser included offense under Neder.

B.  APPROVAL OF A LESSER INCLUDED OFFENSE
WHEN AN INSTRUCTION HAS BEEN WAIVED AT TRIAL

Appellant contends in granted Issue II that an appellate

court cannot approve a conviction for a lesser included offense

when both parties waived an instruction on the lesser offense

and the military judge did not instruct the court-martial panel

on the lesser offense.  Under Appellant's theory, the Government

should be bound by its waiver of the trial court's consideration

of a lesser included offense.

A military judge has a sua sponte duty to instruct the

members on lesser included offenses reasonably raised by the

evidence.  United States v. Miergrimado, __ M.J. __ (5-6)

(C.A.A.F. 2008); United States v. Bean, 62 M.J. 264, 266

(C.A.A.F. 2005) (citing United States v. Griffin, 50 M.J. 480,

481 (C.A.A.F. 1999)); Rule for Courts-Martial (R.C.M.)

920(e)(2).  An accused may seek to waive an instruction on

lesser included offenses and present an "all or nothing" defense

as a matter of trial tactics.  United States v. Pasha, 24 M.J.

87 (C.M.A. 1987); see also R.C.M. 920(f).  No rule prevents the

11

Government from acquiescing in the defense "all or nothing" strategy.

On appeal, the Court of Criminal Appeals reviews the record of trial under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000), which provides in pertinent part:

> In a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.

When the Court of Criminal Appeals identifies error in the findings, the court, like other reviewing authorities under the UCMJ, "may approve or affirm . . . so much of the finding as includes a lesser included offense." Article 59(b), UCMJ. As this Court has observed:

> Generally, in military jurisprudence, we have long recognized that an appellate court may disapprove a finding because proof of an essential element is lacking or, as a result of instructional errors concerning lesser-included offenses, may substitute a lesser-included offense for the disapproved findings. This is true even if the lesser-included offense was neither considered nor instructed upon at the trial of the case.

United States v. McKinley, 27 M.J. 78, 79 (C.M.A. 1988) (citations omitted); see also United States v. Wells, 52 M.J. 126, 131-32 (C.A.A.F. 1999) (recognizing that the lower court, on remand, may affirm a lesser offense and reassess the sentence).

Appellant has not identified a case that would preclude the Court of Criminal Appeals from exercising its statutory authority to approve a lesser included offense under the circumstances of this case where evidence was presented and evaluated on the greater offense.  To the extent that any instructions as to the elements of the lesser offense were omitted or misstated, such errors may be evaluated for harmlessness.  See Section II.A. supra.  Accordingly, an erroneous instruction on the lesser included offense in the present case does not preclude the court below from approving a conviction for the lesser included offense if otherwise warranted under the framework set forth in Section II.A. supra.

III.  DECISION

The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.