EFFRON, Chief Judge
(concurring in the result):
I agree with the plurality opinion that receipt and possession of virtual child pornography may be charged as conduct unbecoming an officer and a gentleman in violation of Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000), even though such conduct is not subject to prosecution in civilian society. United States v. Forney, 67 M.J. at 274-75 (C.A.A.F.2009). I respectfully disagree, however, with the plurality opinion’s approval of the military judge’s instructions, which cited and relied upon a provision of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2000), that was later held to be unconstitutional in pertinent part by the Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 256, 258, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). Forney, 67 M.J. at 275-76. For the reasons set forth below, I would find instructional error, but hold that any error was harmless beyond a reasonable doubt under the circumstances of this ease.
I. BACKGROUND: CHILD PORNOGRAPHY OFFENSES
A. THE RELATIONSHIP BETWEEN CIVIL CRIMES AND MILITARY OFFENSES UNDER ARTICLES 133 AND 134
Article 134, UCMJ, has served as the primary vehicle for prosecuting child pornography offenses under the Uniform Code of Military Justice. 10 U.S.C. § 134 (2000). Under clause 3 of Article 134 (“crimes and offenses not capital”), members of the armed forces may be charged with violating generally applicable federal criminal statutes, such as the CPPA. See, e.g., United States v. Wolford, 62 M.J. 418, 423 (C.A.A.F.2006).
Child pornography offenses also may be prosecuted under clause 1 of Article 134 (“all disorders and neglects to the prejudice of good order and discipline”) or clause 2 of Article 134 (“all conduct of a nature to bring discredit upon the armed forces”). See, e.g., United States v. Irvin, 60 M.J. 23 (C.A.A.F. 2004). Offenses under clauses 1 and 2 may consist of violations of military-specific norms as well as violations of civil law. See Manual for Courts-Martial, United States pt. IV, paras. 60.c(2)(a), 60.c(3) (2008 ed.) (MCM).
As noted in the plurality opinion, child pornography offenses involving an officer also may be charged under Article 133, UCMJ, 10 U.S.C. § 933 (“conduct unbecoming an officer and a gentleman”). See Forney, 67 M.J. at 275. As with offenses under Article 134, offenses under Article 133 may consist of violations of military-specific norms, as well as violation of generally applicable criminal laws. See MCM pt. IV, paras. 59.c(2), 59.c(3).
As a matter of proof, the nature of the standard — whether the act or omission violated a military-specific norm or a generally applicable civilian law — is important. In a contested case, the court-martial panel must determine whether the act or omission occurred, and whether it constituted a violation of incorporated federal law under Article 134(3), or whether it was prejudicial to good order and discipline under Article 134(1), service discrediting under Article 134(2), or conduct unbecoming an officer and a gentleman *278 under Article 133. See, e.g., United States v. Cendejas, 62 M.J. 334, 338-40 (C.A.A.F.2006). In a guilty plea case, the military judge must ensure that the accused understands and explains why his or her conduct violated the applicable element. See, e.g., United States v. Beeves, 62 M.J. 88, 95-96 (C.A.A.F.2005); United States v. Martinelli, 62 M.J. 52, 64-67 (C.A.A.F.2005).
B. PROSECUTION OF CHILD PORNOGRAPHY CASES UNDER THE UCMJ IN THE AFTERMATH OF ASHCROFT V. FREE SPEECH COALITION
1. The distinction between images of actual children and images of virtual children
In the CPPA, Congress sought to permit prosecutions involving pornographic images of real children, as well as images created without the use of real children — that is, “virtual” child pornography. In United States v. James, 55 M.J. 297 (C.A.A.F.2001), we considered a constitutional challenge to a child pornography conviction under the CPPA as incorporated in clause 3 of Article 134, UCMJ. We concluded that such a prosecution under the CPPA did not violate the First Amendment’s free speech protections, noting that our decision was consistent with the views of the majority of the other federal courts of appeals that had considered the same issue. Id. at 299-300. The Supreme Court subsequently reached a different conclusion, holding that the CPPA was unconstitutionally overbroad under the First Amendment to the extent that the statute attempted to reach virtual images. Free Speech Coalition, 535 U.S. at 244-56, 122 S.Ct. 1389. In the aftermath of the Supreme Court’s decision, we reversed convictions under clause 3 of Article 134 that relied on incorporation of the unconstitutional provisions of the CPPA. See, e.g., Cendejas, 62 M.J. at 339-40.
2. Circumstances under which virtual images of child pornography may constitute a unique military offense
In a separate set of cases, we considered whether members of the armed forces could be prosecuted under provisions of military law that did not rely on incorporation of federal criminal law, such as clauses 1 and 2 of Article 134. We concluded that offenses involving virtual child pornography could be charged as conduct prejudicial to good order and discipline or as service discrediting conduct under clauses 1 and 2 of Article 134 without violating the constitutional rights of military personnel, relying on the differing constitutional standards applicable to unique military offenses. See, e.g., United States v. Mason, 60 M.J. 15, 20 (C.A.A.F.2004) (citing Parker v. Levy, 417 U.S. 733, 758, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974)).
Because charges under clauses 1 and 2 require a case-specific determination by the factfinder as to whether the conduct was prejudicial or service discrediting, we have emphasized that the determination as to whether virtual child pornography was, in fact, a violation of clauses 1 or 2 must be made by the factfinder on a case-by-case basis. See id. at 19; United States v. Brisbane, 63 M.J. 106, 116 (C.A.A.F.2006). Likewise, we have held that in guilty plea cases, the military judge must ascertain whether the accused can explain during the plea colloquy why his or her conduct was prejudicial or service discrediting. See, e.g., Martinelli, 62 M.J. at 64-67; United States v. O’Connor, 58 M.J. 450, 455 (C.A.A.F.2003).
II. INCORPORATION OF GENERALLY APPLICABLE CRIMINAL LAW BY THE MILITARY JUDGE IN THE INSTRUCTIONS PROVIDED IN APPELLANT’S CASE
The offense of conduct unbecoming an officer and a gentleman under Article 133 consists of two elements:
(1) That the accused did or omitted to do certain acts; and
(2) That, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentleman.
MCM pt. IV, para. 59.b.
In his instructions to the panel on the Article 133 charge, the military judge relied substantially on the text of the CPPA, a generally applicable criminal statute. With respect to the first element under Article *279 133, the military judge instructed the members that to convict Appellant, they must find that “the accused received and possessed child pornography, as defined in 18 U.S.Code Section 2256.” The military judge then inserted a series of elements concerning knowing receipt and possession of child pornography, followed by the element of unbecoming conduct. In the course of explaining the element of knowledge, the military judge underscored the relationship between Article 133 and the CPPA by noting that “it is not required that the accused knew of the criminal statute involved.” The military judge then returned to the definition of child pornography, advising the members that they must use the definition in “18 U.S.Code, Section 2256.” He set forth the CPPA definition in detail, including the portions subsequently found to be unconstitutional in Free Speech Coalition, 535 U.S. at 256, 258, 122 S.Ct. 1389. Subsequently, the military judge used a similar definition in the course of instructing the members with respect to separate charges alleging violation of the CPPA as incorporated through clause 3 of Article 134.
III. DISCUSSION
A. INSTRUCTIONAL ERROR
The plurality opinion’s conclusion that virtual child pornography offenses may be charged under both Article 133 and Article 134, UCMJ, answers the question of whether Appellant could be convicted under the charge, but does not answer the question of whether the military judge properly instructed the panel. See Forney, 67 M.J. at 274-76. Likewise, thé plurality opinion’s conclusion that the military judge was not required on his own motion to instruct the panel as to the constitutionality of the CPPA does not establish the propriety of the instructions that were given by the military judge. See id. at 276.
In addressing the instructional issue, the plurality opinion states that “Appellant would not have been entitled to present evidence that possession of virtual child pornography was not an offense in the civilian community or to have the military judge so instruct, even if he had requested the instruction.” Id. at 276. The suggestion that a military accused cannot introduce such evidence is inconsistent with the scope of proof permitted under Articles 133 and 134. When a member of the armed forces is charged with a violation of Article 133 or 134, the court-martial panel may convict the member on the ground that the conduct at issue violated the norms of civilian society set forth in a generally applicable criminal statute, irrespective of any military-specific norm. See swpra Part I.A. Because the panel may convict a member on the basis that the conduct violates civil law, the accused is entitled to present evidence that the conduct does not amount to an offense in civilian society. Cf. Cendejas, 62 M.J. at 339-40 (discussing the right to defend on the theory of civil legality in the context of an Article 134, clause 3, ease). The problem with the military judge’s instructions in the present case is not that he permitted the charge to go to the members or that he omitted any particular instruction. The problem in this ease arises from the inclusion in the instruction of a generally applicable federal criminal statute that proved to be invalid in pertinent part.
In cases arising under Articles 133 and 134, UCMJ, a military judge may appropriately craft an instruction that refers to and incorporates a generally applicable civil statute. In some cases, it may be necessary to do so where the proof of the Article 133 or 134 violation turns on whether the unbecoming, prejudicial, or service discrediting conduct violates a civil law. If, however, the statute is invalid in whole or in part, reference to the statute becomes problematic. In such a case, the instruction could leave the members with the view that the charged conduct would violate a valid civil law, creating the possibility that the members could convict the accused on the basis of an incorrect understanding of the law.
The present case raises that concern. The repeated references to the CPPA and statutory criminal conduct could have left the members with the view that the conduct at issue violated a valid generally applicable statute, thereby creating the potential for convicting on grounds that were undermined *280 by the Supreme Court’s decision in Free Speech Coalition. As noted in Part I, the decision in Free Speech Coalition does not preclude a conviction under Articles 133 or 134 for violation of a military-specific norm, but it does preclude a court-martial from relying on the existence of a civil norm as the basis for such a conviction. See Mason, 60 M.J. at 18-20. Accordingly, reference to the statutory provisions constituted instructional error in the present case.[1]
B. PREJUDICE
Although the instruction was incorrect, the conviction may be affirmed under the particular circumstances of this case because the instructional error was harmless beyond a reasonable doubt. When a military judge’s instruction incorrectly describes elements of an offense, we analyze that error for prejudice under a standard of harmlessness beyond a reasonable doubt. United States v. Upham, 66 M.J. 83, 86 (C.A.A.F.2008) (citing Neder v. United States, 527 U.S. 1, 17, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). Error is harmless beyond a reasonable doubt when there is no “reasonable possibility that the evidence [or error] complained of might have contributed to the conviction.” United States v. Moran, 65 M.J. 178, 187 (C.A.A.F.2007) (quoting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (brackets in original)). We consider two factors in analyzing the harmlessness of an instructional error: “whether the matter was contested, and whether the element at issue was established by overwhelming evidence.” Upham, 66 M.J. at 87.
In this case, the question of whether Appellant’s conduct was unbecoming was not placed at issue during trial. At trial, the defense focused its argument on factual matters, attacking the reliability of Appellant’s confessions and suggesting that others may have performed the downloading. The defense did not argue that if Appellant had committed the charged acts, the acts would not have amounted to conduct unbecoming an officer and a gentleman.
The element of unbecoming conduct was established by overwhelming evidence. The Government introduced two separate confessions in which Appellant admitted to Naval Criminal Investigative Service agents that he received and possessed child pornography on government computers on his ship. The Government also introduced testimony regarding how pornographic images of children were discovered in Appellant’s storage drive, forensic analysis of the image files, and copies of the image files themselves. In this case, even if the instruction led the members to believe that Appellant’s conduct violated a civil law, there is no reasonable possibility, in the context of all other evidence presented, that such a belief contributed to Appellant’s conviction. Given the significant evidence that Appellant viewed child pornography on government computers on board a Navy ship underway, in the context of the issues raised by the defense at trial, we can be confident that the instructional error was harmless beyond a reasonable doubt with respect to the panel’s determination that the charged acts constituted conduct unbecoming an officer and a gentleman. See Forney, 67 M.J. at 276 n. 2; Moran, 65 M.J. at 187. Accordingly, I agree with the plurality opinion that the findings and sentence may be affirmed.

. Judge Erdmann, joined by Judge Ryan, makes a similar point, noting that the record in this case does not establish that the members gave fair consideration to the nature of the charged conduct separate from the nature of the offense as a civilian crime. See Forney, 67 M.J. at 281-82 (Erdmann, J., with whom Ryan, J., joins, dissenting). I agree. The end result is that three judges, a majority of this Court, agree on the nature of the instructional error in this case. See id. at 282 n. 1.