**UNITED STATES of America**

v.

**William C. DALTON, Corporal (E–4), U.S. Marine Corps.**

**NMCCA 201100521.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 27 June 2011.

25 Sept. 2012.

For Appellant: LT Daniel C. LaPenta, JAGC, USN; LT David Dziengowski, JAGC, USN.

For Appellee: Capt Samuel C. Moore, USMC.

Before J.R. PERLAK, M.D. MODZELEWSKI, B.L. PAYTON–O'BRIEN, Appellate Military Judges.

**PUBLISHED OPINION OF THE COURT**

PERLAK, Chief Judge:

A panel of members with enlisted representation sitting as a general court-martial convicted the appellant, contrary to his plea, of one specification of involuntary manslaughter, as a lesser included offense of unpremeditated murder, in violation of Article 119(b)(1), Uniform Code of Military Justice, 10 U.S.C. § 919(b)(1). The members sentenced the appellant to five years of confinement, reduction to pay grade E–1, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged and ordered it executed.[1]

The appellant raises four assignments of error (AOE) on appeal: (1) that the evidence was not legally and factually sufficient to sustain a conviction of involuntary manslaughter; (2) that involuntary manslaughter is not a lesser included offense of murder; (3) that the military judged erred by not

---

1. To the extent that the CA's action purports to direct that the punitive discharge will be executed after final judgment it is a legal nullity. *See* · *United States v. Tarniewicz,* 70 M.J. 543 (N.M.Ct. Crim.App.2011).

tailoring the self-defense instruction; and (4) that the military judged erred by excluding a postmortem toxicology report showing the presence of tetrahydrocannabinol (THC) in the victim's system.

We have considered the record of trial, the appellant's AOEs, the pleadings, and the oral argument of the parties. We conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant was a Corporal of Marines deployed to Afghanistan and posted to Forward Operating Base Marjah. In the predawn hours of 16 July 2010, the appellant was in a billeting area waking up members of his unit to stand watch. Corporal (Cpl) DS took issue with both the timing and the manner in which he was awakened. Words were exchanged between the two corporals, and an argument escalated until they were separated. The argument erupted again outside the billeting area, becoming physical. Seconds into the fistfight, the appellant drew his multipurpose bayonet and delivered a single plunging stab wound to Cpl DS's neck, severing his pulmonary vein. Bystanders' efforts to stop the bleeding and save Cpl DS's life were unsuccessful.

The appellant was initially charged with one specification of unpremeditated murder under Article 118 and one specification of voluntary manslaughter under Article 119(a), UCMJ. Citing to *United States v. Schap*, 49 M.J. 317, 319 (C.A.A.F.1998), the military judge dismissed the voluntary manslaughter charge, holding it to be a lesser included offense (LIO) of unpremeditated murder.

The appellant testified at trial that he feared for his life and was being choked by Cpl DS when he escalated to using the bayonet, stating that he did not intend to cause death or great bodily harm to Cpl DS. The appellant's testimony prompted the military judge to raise the issue of both voluntary and

involuntary manslaughter as LIOs of unpremeditated murder. While trial counsel agreed that involuntary manslaughter was an appropriate LIO, trial defense counsel objected.[2] The military judge, believing the evidence had raised the issue of culpable negligence, instructed on involuntary manslaughter as an LIO.

## Lesser Included Offense

█ The appellant posits the threshold question of whether involuntary manslaughter is a lesser included offense (LIO) of unpremeditated murder, in light of *United States v. Jones*, 68 M.J. 465 (C.A.A.F.2010). We review whether an offense is an LIO *de novo*. *United States v. Miller*, 67 M.J. 385, 387 (C.A.A.F.2009). We compare the elements of the charged offense with the elements of involuntary manslaughter. If all the elements of involuntary manslaughter are also elements of unpremeditated murder, or a subset thereof, then involuntary manslaughter is an LIO. *Jones*, 68 M.J. at 469–70 (citing *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989)). Following our review of the statutory language of the two statutes, their prescribed elements, and applying the *Jones* reductive elements analysis, we hold that involuntary manslaughter is an LIO of unpremeditated murder and the military judge does not abuse their discretion in so instructing in a case where involuntary manslaughter is reasonably raised by the evidence.

Unpremeditated murder has four elements: (1) a death; (2) that the accused caused the death by an act or omission; (3) the killing was unlawful; and (4) at the time of the killing, the accused had the intent to kill or inflict great bodily harm upon a person. Art. 118, UCMJ; MCM, Part IV, ¶ 43b(2) (2008 ed.).

Involuntary manslaughter likewise has four elements: (1) a death; (2) that the accused caused the death by an act or omission; (3) the killing was unlawful; and (4) that this act or omission constituted culpable

---

2. While not specifically argued as such, we view this objection by trial defense counsel as akin to advocating an "all or nothing" defense on the Article 118 charge, exclusive of any lesser includ-

ed offenses. The Government did not acquiesce and the military judge was not obligated to exclude possible LIOs. *United States v. Upham*, 66 M.J. 83, 87 (C.A.A.F.2008).

negligence. Art. 119, UCMJ; MCM, Part IV, ¶ 44b(2) (2008 ed.).

The final elements of each crime assign a *mens rea* with which the accused acts or fails to act. Unpremeditated murder requires the specific intent to kill or inflict great bodily harm, while involuntary manslaughter requires that one act with culpable negligence. *See* Arts. 118 and 119, UCMJ. Culpable negligence is a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences to others of that act or omission. Art. 119, UCMJ; MCM, Part IV, ¶ 44c(2)(a)(i) (2008 ed.).

The first three elements of the two offenses are identical. This focuses us narrowly on the question of whether the fourth element diverges to the point that the appellant is facing a fundamentally distinct charge that must be separately pled. Stated differently, we must determine whether culpable negligence while stabbing with a combat knife, viewed in the light of human experience, is a subset of the intent to kill or inflict great bodily harm. We hold that it is a subset of intent to kill or inflict great bodily harm.

The physical act and gravamen of the crimes, unlawfully causing the death of another, are the same. The difference in the charged offense and the offense the appellant was found guilty of lies in the degree of culpability assigned to the appellant by the trier of fact, having heard the evidence. An accused could, through the same physical action (e.g. stabbing at an aggressor with a knife), kill someone intentionally or by culpable negligence. Both circumstances require the appellant to possess the intent to commit the physical act of stabbing. While the murderer intends the consequence of death, the culpably negligent killer makes his act or omission without regard to its potential lethality. Just as simple assault is subsumed into aggravated assault, involuntary manslaughter is subsumed into unpremeditated murder.[3]

Federal case law, post-*Schmuck*, supports our holding that involuntary manslaughter[4] is an LIO of murder. *See United States v. Crowe*, 563 F.3d 969, 973–74 (9th Cir.2009); *United States v. Brown*, 287 F.3d 965, 975 (10th Cir.2002); *United States v. One Star*, 979 F.2d 1319, 1321 (8th Cir.1992); *United States v. Browner*, 889 F.2d 549, 552 (5th Cir.1989). In each case, involuntary manslaughter was found to be an LIO because it was subsumed by the crime of murder.

Applying the elements test of *Jones*, we hold that the involuntary manslaughter the appellant stands convicted of is an LIO of the charged unpremeditated murder.

### Legal and Factual Sufficiency

■ The appellant also asserts that the evidence was legally and factually insufficient to support a finding of guilt for involuntary manslaughter by culpable negligence. We disagree.

We review claims of legal and factual sufficiency *de novo*. Article 66(c), UCMJ; *United States v. Beatty*, 64 M.J. 456, 458 (C.A.A.F.2007). The test for legal sufficiency is whether, considering the evidence in the light most favorable to the Government, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987); *United States v. Reed*, 51 M.J. 559, 561–62 (N.M.Crim.Ct.App.1999), *aff'd*, 54 M.J. 37 (C.A.A.F.2000). Additionally, when testing for legal sufficiency, this court must draw every reasonable inference from the record in favor of the prevailing party. *United States v. McGinty*, 38 M.J. 131, 132 (C.M.A.1993).

The test for factual sufficiency is whether, after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses, we are convinced of the appellant's guilt beyond a reasonable

---

3. *Cf. United States v. McMurrin*, 70 M.J. 15 (C.A.A.F.2011), where negligent homicide no longer qualified as an LIO of involuntary manslaughter because it required proof of a separate and distinct element.

4. We acknowledge the definitional differences between the UCMJ and the applicable federal statutes. *Compare* 10 U.S.C. §§ 918 and 919 with 18 U.S.C. §§ 1111(a) and 1112(a).

doubt. *Turner*, 25 M.J. at 325; *see also* Art. 66(c), UCMJ.

Reasonable doubt does not mean that the evidence must be free of conflict. *United States v. Rankin*, 63 M.J. 552, 557 (N.M.Ct. Crim.App.2006), *aff'd*, 64 M.J. 348 (C.A.A.F. 2007). Members are free to believe one witness and disbelieve another and to even believe one portion of a particular witness's testimony but not to believe another portion. *United States v. Lepresti*, 52 M.J. 644, 648 (N.M.Ct.Crim.App.1999).

Considering the evidence adduced at trial in the light most favorable to the Government, we hold that a rational trier of fact readily could have found the elements of involuntary manslaughter beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19, 99 S.Ct. 2781; *Turner*, 25 M.J. at 325; *Reed*, 51 M.J. at 561–62; *see also* Art. 66(c), UCMJ. In addition, after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses, this court is convinced of the appellant's guilt beyond a reasonable doubt. *Turner*, 25 M.J. at 325; *see also* Art. 66(c), UCMJ. We are not persuaded by the appellant's claim of error based on legal and factual sufficiency.

The remaining assignments of error are without merit.

### Conclusion

The findings and the sentence as approved by the convening authority are affirmed.

Senior Judge MODZELEWSKI and Senior Judge PAYTON–O'BRIEN concur.